1  Eric J. Hardeman (State Bar No. 253489)
   ejhardeman@jonesday.com
2  JONES DAY
   3161 Michelson Dr., Ste 800
3  Irvine, CA  92612
   Telephone:  (949) 851-3939
4  Facsimile:   (949) 553-7539

5  Attorney for Defendant
6  EXPERIAN INFORMATION SOLUTIONS,
   INC.
7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 | JAMES AINSWORTH | ) | Case No.: 10-cv-1706 CJC (RNBx) |
   | --- | --- | --- |
12 | Plaintiff, | ) | |
13 | vs. | ) | **NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES** |
14 | EXPERIAN INFORMATION SOLUTIONS, INC. | ) | |
15 | | ) | |
16 | Defendant. | ) | Date: April 25, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 9B<br>Judge: Hon. Carney |

21       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22       **PLEASE TAKE NOTICE** that on April 25, at 1:30 p.m., or as soon

23 thereafter as the parties may be heard, in Courtroom 9B of the above-entitled court,

24 located at 411 West Fourth Street, Santa Ana, California, Defendant Experian

25 Information Solutions, Inc. ("Experian") will, and hereby does, move this Court

26 pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District

27 Court for the Eastern District of Texas, Lufkin Division, for the convenience of the

28 parties and witnesses, and to serve the interests of justice.

IRI-15439v1

1  This Motion is based on this Notice of Motion; the Memorandum of Points
2  and Authorities attached hereto; the accompanying declarations of Eric J.
3  Hardeman and Teresa Iwanski; the pleadings and other documents on file with the
4  Court herein; and such further evidence or argument as the Court properly may
5  consider at or before the hearing on this Motion.
6  Experian certifies that its counsel met and conferred with Plaintiff's counsel
7  regarding this motion pursuant to Local Rule 7-3, which occurred on January 6,
8  2011.

10 Dated: March 25, 2011          Respectfully submitted,

12                                 /s/ Eric J. Hardeman
13                                 Eric J. Hardeman
                                   JONES DAY
14                                 3161 Michelson Drive, Suite 800
                                   Irvine, CA  92612
15                                 Telephone:  (949) 553-7545
                                   Facsimile:   (949) 553-7539

16                                 *Attorneys for Defendant*
17                                 *Experian Information Solutions, Inc.*

IRI-15439v1

- 2 -

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1
II. FACTUAL BACKGROUND ......................................................................... 1
III. ARGUMENT .................................................................................................. 3
    A. A COURT HAS BROAD DISCRETION TO TRANSFER VENUE UNDER SECTION 1404 ........................................................ 3
    B. THE COURT SHOULD TRANSFER VENUE TO THE EASTERN DISTRICT OF TEXAS ........................................................ 4
        1. Jurisdiction and Venue are Proper in the Eastern District of Texas ................................................................................ 4
        2. Private Interest Factors Warrant Transfer to the Eastern District of Texas ................................................................. 5
        3. Public Interest Factors Warrant Transfer to the Eastern District of Texas ................................................................. 8
        4. The Result of the Balance of Factors Favors Experian ............ 10
IV. CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Allstar Marketing Group, LLC v. Your Store Online, LLC,*
  666 F.Supp.2d 1109 .................................................................................................3

*Amini Innovation Corp. v. JS Imports, Inc.,*
  497 F.Supp.2d 1093, 1111 (C.D. Cal. 2007) ..........................................................6

*Bohara v. Backus Hosp. Medical Benefit Plan,*
  390 F. Supp. 2d 957, 962 (C.D. Cal. 2005) ............................................................4

*Bracket v. Hilton Hotels Corp.*
  619 F.Supp.2d 810, 820 (N.D. Cal., 2008) .............................................................1

*Chodock v. Am. Economy Ins. Co.,*
  2005 WL 2994451 at *4 (Dist. Ariz. 2005) ............................................................8

*Corrigan v. Bjork Shiley Corp.,*
  182 Cal.App.3d 166, 179 (1987) ..............................................................................9

*Glaxo Group Ltd. v. Genentech, Inc.,*
  2010 WL 1445666 at *4 (N.D. Cal. 2010) .............................................................5

*Gulf Oil Corp. v. Gilbert,*
  330 U.S. 501, 508-509 (1947) ...............................................................................10

*Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.,*
  725 F.Supp. 317 (S.D. Miss. 1989) .......................................................................10

*Metz v. U.S. Life Ins. Co. in City of New York,*
  674 F.Supp.2d 1141, 1147 (C.D. Cal. 2009) .....................................................7, 8

*Pfeiffer v. Himax Technologies, Inc.,*
  530 F. Supp. 2d 1121, 1123-24, (C.D. Cal. 2008) .................................................5

*Public Employees Retirement System of Mississippi v. Stanley,*
  605 F.Supp.2d 1073, 1075 (C.D. Cal. 2009) ..........................................................9

*Roling v. E*Trade Securities, LLC,* --
  F.Supp.2d--, 2010 WL 4916401 at *4 (N.D. Cal. November 22, 2010) ............10

*Saleh v. Titan Corp.,*
  361 F.Supp.2d 1152, 1169 (S.D. Cal. 2005) ......................................................3, 6

*Szegedy v. Keystone Food Products, Inc.,*
  2009 WL 276783 at *6 n.4 (C.D. Cal. 2009) .......................................................10

*Van Dusen v. Barrack,*
  376 U.S. 612, 616 (1964) .........................................................................................1

**TABLE OF AUTHORITIES**
**(continued)**

Page

*William H. McGee & Co. v. United Arab Shipping, Co.,*
  6 F.Supp.2d 283, 292 (D.N.J. 1994) ................................................................... 10

**STATUTES**

15 U.S.C. § 1337 .............................................................................................................. 4

15 U.S.C. § 1681p ............................................................................................................ 4

28 U.S.C. § 1331 .............................................................................................................. 4

28 U.S.C. § 1391(b)(2) .................................................................................................... 5

28 U.S.C. § 1404(a) .................................................................................................. 3, 4, 6

Federal Fair Credit Reporting Act,
  15 U.S.C. § 1681 ........................................................................................................ 2

**OTHER AUTHORITIES**

WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE,
  § 3854, p. 293 (2007) ................................................................................................. 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a case involving a Texas resident, and events and transactions that occurred in Texas. The only connection between Plaintiff and the Central District of California is the fact his attorneys, Francis & Mailman, P.C. have filed in this district and have retained local counsel here. Francis & Mailman P.C. advertises on the Internet to consumers nationwide through at least three websites, www.creditreportproblems.com, www.myfairrcredit.com, and www.consumerlawfirm.com, and brings lawsuits in this venue on behalf of out-of-state consumers who, like Plaintiff James Ainsworth, simply have no connection to California.

Plaintiff resides in Milam, Texas, and all of his alleged injuries occurred in that state. Any witness able to testify regarding Plaintiff's alleged physical, emotional, and mental harms is likely located in Texas. In contrast, none of the alleged misconduct took place in the Central District of California. Although Experian's corporate headquarters are located in Costa Mesa, California, its credit reporting operations, i.e., its databases of consumer information and its consumer assistance operations, are located in Texas.

"The purpose of § 1404(a) 'is to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Bracket v. Hilton Hotels Corp.* 619 F.Supp.2d 810, 820 (N.D. Cal., 2008), *citing Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Because Plaintiff is not a California resident, none of the allegedly culpable conduct occurred in this District, key third party witnesses are likely located in Texas, and there is little or no connection between the California and Plaintiff's claims, the Court should grant Experian's motion.

## II. FACTUAL BACKGROUND

On November 5, 2010, Plaintiff commenced this action against Experian,

IRI-15439v1

alleging that Experian willfully and negligently violated Plaintiff's rights under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA"). *See* Plaintiff's Complaint, ¶1 [Docket No. 1]. Plaintiff also alleges common law claims against Experian for defamation, negligence, and invasion of privacy/false light. *See Id.* at ¶¶24-40. According to the Complaint, Experian allegedly reported inaccurate information regarding Plaintiff's credit history to various credit grantors and Plaintiff was allegedly denied applications for loans and extensions of consumer credit. *Id.* at ¶11-13. In addition, the Complaint alleges that Plaintiff disputed the allegedly inaccurate information with Experian. *Id.* at ¶10. The Complaint further alleges that Experian's actions placed him in a false light "before the eyes of others, including . . . family, friends, and the general public[,]" and that Plaintiff's reputation was diminished among his "family, friends, neighbors and business associates . . ." *Id.* at ¶38-39. Plaintiff specifically alleges that he resides in Milam, Texas. *Id.* at ¶4.

Experian is an Ohio corporation, with its corporate headquarters located in Costa Mesa, California. *See* Declaration of Teresa Iwanski ("Iwanski Decl."), ¶¶4-5. While Experian's corporate headquarters are located in Costa Mesa, California, its consumer credit reporting databases are not maintained at its corporate headquarters, nor are consumer disputes received or processed at its corporate headquarters. *Id.* at ¶5-6. Those functions are handled primarily at Experian's facility in Allen, Texas. *Id.* Experian's databases of consumer information, including Plaintiff's information, are located in Texas. *Id.* at ¶5. In addition, Experian investigates consumer disputes regarding the accuracy of credit information primarily at its National Consumer Assistance Center ("NCAC"), based in Texas. *Id.* Any credit reports regarding Plaintiff were issued from Experian's Texas facility. *Id.* Any communications Plaintiff made with Experian regarding his Experian credit file were directed to Experian's Texas facility, documents and records relevant to Plaintiff's claims against Experian are

IRI-15439v1

- 2 -

maintained there, and any correspondence sent to Plaintiff was generated at the NCAC. Iwanski Decl., ¶7. Moreover, the witnesses with knowledge of Experian's reinvestigation procedures work at the NCAC in Texas, and certain Experian employees who received and processed a dispute Plaintiff made with Experian are located Texas. *Id.* at ¶7. No Experian employees in California have ever had communications with Plaintiff, reviewed Plaintiff's credit file, or handled any of Plaintiff's disputes. *Id.*

Plaintiff's attorneys, Francis & Mailman, have acknowledged that Mr. Wall is merely serving as local counsel for their firm in this case. Hardeman Decl., ¶¶2-3, Ex. 1; Docket No. 8. Further, Plaintiff's counsel has indicated that one reason Plaintiff chose to file his case in the Central District of California is the Ninth Circuit's interpretation of FCRA cases. Hardeman Decl., ¶3. Finally, in threatening to seek sanctions against Experian regarding this motion, Plaintiff's counsel admitted that Francis & Mailman's chief issue with Experian's requested relief is the inconvenience to their firm. *Id.*, Ex. 1.

### III.   ARGUMENT

### A.   A COURT HAS BROAD DISCRETION TO TRANSFER VENUE UNDER SECTION 1404.

Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "This provision gives a district court broad discretion to transfer a case to another district where venue is also proper." *See Allstar Marketing Group, LLC v. Your Store Online, LLC,* 666 F.Supp.2d 1109, 1130 (C.D. Cal. 2009). Since the burden is on the moving party to show transfer of venue is warranted, a non-moving plaintiff is not entitled to discovery relating to the propriety of the transfer for purposes of opposing a § 1404(a) motion. *See Saleh v. Titan Corp.,* 361 F.Supp.2d 1152, 1169 (S.D. Cal. 2005).

IRI-15439v1

- 3 -

In determining whether a transfer of venue is proper, courts consider a balance of factors designed to account for both the litigants' private interests, and the public interests that bear on the larger systemic concerns of the judiciary. These factors include: (1) the plaintiff's choice of forum; (2) the extent to which there is a connection between the plaintiff's causes of action and this forum; (3) the parties' contacts with this forum; (4) the convenience of witnesses; (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (6) the ease of access to sources of proof; (7) the existence of administrative difficulties resulting from court congestion; (8) whether there is a local interest in having localized controversies decided at home; (9) whether unnecessary problems in conflict of laws, or in the application of foreign law, can be avoided; and (10) the unfairness of imposing jury duty on citizens in a forum unrelated to the action. *See Bohara v. Backus Hosp. Medical Benefit Plan*, 390 F. Supp. 2d 957, 962 (C.D. Cal. 2005).

### B. THE COURT SHOULD TRANSFER VENUE TO THE EASTERN DISTRICT OF TEXAS.

As Experian will explain, the propriety of the alternative venue, the convenience of the parties and witnesses, the interests of justice, and applicable public and private interests all warrant transferring this action to the Eastern District of Texas.

#### 1. Jurisdiction and Venue are Proper in the Eastern District of Texas.

The Eastern District of Texas meets the threshold requirements for transfer. Under § 1404(a), the transferee district must have proper jurisdiction and venue. *See* 28 § U.S.C. 1404(a). In this case, the subject matter jurisdiction based on the federal questions involved will indisputably lie in the Eastern District of Texas. *See* 15 U.S.C. § 1681p; 28 U.S.C. §§ 1331, 1337. Defendant Experian is a nationwide corporation that conducts business in the State of Texas, and is properly subject to

1  personal jurisdiction there. Venue is also proper in the Eastern District of Texas
2  because a substantial part of the events giving rise to Plaintiff's claims occurred
3  there. *See* 28 U.S.C. § 1391(b)(2). Accordingly, this case could have been brought
4  in the Texas.

### 2. Private Interest Factors Warrant Transfer to the Eastern District of Texas.

#### (a) Plaintiff's Choice of Forum is Not Entitled to Deference.

A plaintiff's choice of forum is not entitled to deference where a plaintiff does not reside in the district, the facts did not occur in the district, and the district does not have a local interest in the action. *Pfeiffer v. Himax Technologies, Inc.*, 530 F. Supp. 2d 1121, 1123-24, (C.D. Cal. 2008). Moreover, "[a]s deference accorded to a Plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases." *See Glaxo Group Ltd. v. Genentech, Inc.,* 2010 WL 1445666 at *4 (N.D. Cal. 2010) (citations omitted).

Plaintiff resides in Texas. Experian's databases and NCAC consumer assistance center are located in Texas. Plaintiff allegedly suffered damages in Texas. Any communications between Plaintiff and Experian were directed to Texas. Any credit reports regarding Plaintiff were issued in Texas. Moreover, although "[the Central District of California] certainly has an interest in enforcement of [a federal law], the operative facts of this action did not primarily occur in [this] district[,]" and there is no local interest in enforcement of this action in this District. *See Pfeiffer,* 530 F.Supp.2d at 1124.

Because Plaintiff does not reside in this district, the facts did not occur in this district, and the Central District of California does not have a local-interest in this action, this factor "weigh[s] in favor of transfer of venue." *See Pfeiffer*, 530 F.Supp.2d at 1124.

IRI-15439v1

- 5 -

**(b)    The Causes of Action Arose in Texas.**

The extent to which there is a connection between Plaintiff's causes of action and this forum also weighs in Experian's favor. As set forth above, Plaintiff resides in Texas and Experian's databases and consumer assistance center are located in Texas. The fact that Experian's corporate headquarters, which do not contain Experian's databases, receive consumer disputes, nor issue credit reports, is located in California, does not change the fact that this lawsuit is entirely based upon events occurring in Texas. This factor weighs in favor of transfer.

**(c)    Plaintiff Has No Connection to this District.**

The extent of the parties' contacts with the forum also weighs in Experian's favor. Experian's corporate headquarters are located in Costa Mesa, but its consumer credit reporting activities take place in Texas. Moreover, the location of a defendant's corporate headquarters is given little weight in considering a motion to transfer under § 1404(a) when the corporate records and witnesses are located elsewhere. *See e.g. Saleh,* 361 F.Supp.2d at 1160 (holding that the Southern District of California did not have a "substantial relation" to the action even when one defendant maintained its corporate headquarters in the Southern District of California because the plaintiffs had no connection to the district and the causes of action arose elsewhere).

On the other hand, Plaintiff is a Texas resident and has no contacts whatsoever with the Central District of California other than filing a lawsuit here. The fact that Plaintiff has no connection to this District militates in favor of transfer.

**(d)    The Witnesses and Evidence are Located in Texas.**

"The convenience of the witnesses is often the most important factor in determining whether a transfer pursuant to § 1404(a) is appropriate." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1111 (C.D. Cal. 2007). Here, it cannot be argued that Plaintiff would be inconvenienced in litigating in his

IRI-15439v1

- 6 -

1  home forum because he resides in Milam Texas, and lives an easy drive from the
2  Federal Courthouse in Lufkin, Texas. It contrast, Plaintiff will have to travel a
3  great distance from Texas to California to appear for depositions, participate in the
4  Court's Mandatory ADR Program, and appear at trial were the case to proceed in
5  California. In addition, certain Experian employees with the knowledge of
6  Plaintiff's disputes and Experian's procedures regarding consumer disputes are
7  located in Texas. Experian maintains its databases and consumer assistance center
8  in Texas, and can appear in the Eastern District of Texas for trial without
9  considerable inconvenience.
10  More importantly, third parties with knowledge of Plaintiff's claims would
11  be located in Texas. *See Metz v. U.S. Life Ins. Co. in City of New York,* 674
12  F.Supp.2d 1141, 1147 (C.D. Cal. 2009) (holding that the convenience of non-party
13  witnesses is a more important factor than the convenience of party witnesses or the
14  convenience of a party's employees). Any persons with knowledge of Plaintiff's
15  alleged physical, emotional, and mental damages would likely be located in Texas,
16  as are persons with knowledge of his invasion of privacy false/false light claims.
17  Plaintiff has specifically acknowledged the existence of such individuals, including
18  his "family, friends, neighbors, and business associates," in his Complaint. Plf.'s
19  Compl. ¶38. It would be difficult and expensive to obtain discovery and testimony
20  from these individuals if this case were to proceed in the Central District of
21  California. As the majority of any relevant witnesses would be located in Texas,
22  this factor warrants transfer of venue.
23  By the same token, the non-party witnesses described above located in Texas
24  could not be subject to a trial subpoena from a Court in this District. While a Texas
25  venue would ensure access to trial witnesses, Experian would be deprived of
26  presenting the testimony of key third party witnesses with knowledge of Plaintiff's
27  claims if this case were to proceed in California. The likely presence of these
28  witnesses in Texas favors transfer. *See Chodock v. Am. Economy Ins. Co.,* 2005

IRI-15439v1

- 7 -

1  WL 2994451 at *4 (Dist. Ariz. 2005) (the forum where non-party witnesses will
2  fall under a court's subpoena power is favored).
3       In addition to the party and non-party witnesses above that are located in the
4  State of Texas, all of Plaintiff's documents relating to this action would be located
5  in the State of Texas, as are the documents contained in Experian's consumer credit
6  databases. In sum, Plaintiff cannot identify any "witnesses []he intends to call, or
7  documents on which [he] intends to rely, which might otherwise indicate that the
8  Central District of California is a more appropriate venue than the [Eastern District
9  of Texas]." *See Metz*, 674 F.Supp.2d at 1149 (holding that the sources of proof
10 factor favored transfer where there was no showing by the plaintiff that the Central
11 District of California was the more appropriate venue by way of identification of
12 witnesses or documents).

### 3. Public Interest Factors Warrant Transfer to the Eastern District of Texas.

15      The remaining factors in determining whether transfer of venue is
16 appropriate relate to public interest factors. Here, Texas has an interest in resolving
17 conflicts involving one of its citizens, unnecessary choice of law issues arise from
18 Plaintiff's common law claims, and it would be unfair to impose jury duty on
19 citizens of this District when all of the alleged causes of action occurred in Texas.

#### (a) The Eastern District of Texas has a Local Interest in Resolving this Controversy.

22      It is well settled that "the administration of justice is served more efficiently
23 when the action is litigated in the forum that more clearly encompasses the locus of
24 operative facts . . . ." WRIGHT & MILLER, FEDERAL PRACTICE &
25 PROCEDURE, § 3854, p. 293 (2007). Plaintiff is a resident of Texas. His claims
26 arose in Texas. His alleged damages occurred in Texas. Third party witnesses with
27 knowledge of the facts relating to Plaintiff's claims are likely located in Texas.
28 Experian's consumer databases and consumer assistance center are located in

IRI-15439v1

- 8 -

1  Texas.  Therefore, Texas has a local interest in resolving this controversy.

2  The only plausible reason for Plaintiff suing Experian in this District is that
3  courts in the Ninth Circuit have differed in their interpretations of the FCRA from
4  courts in other circuits.  Indeed, Plaintiff's counsel cited this as a reason for
5  choosing to file suit against Experian in the Central District of California in a
6  conversation with Experian's counsel.  Hardeman Decl., ¶3.  However, "no litigant
7  has the right to have the interpretation of one federal court rather than that of
8  another to determine his case." *Public Employees Retirement System of Mississippi*
9  *v. Stanley,* 605 F.Supp.2d 1073, 1075 (C.D. Cal. 2009) (citations and internal
10 quotations omitted).

### (b) Plaintiff's Common Claw Claims Create Unnecessary Conflict of Law Issues.

To determine what substantive law applies to torts occurring outside of California, "California choice of law rules rest on an analysis of the respective interests of the states or countries involved; the so-called 'governmental interest" approach, the objective of which is 'to determine the law that most appropriately applies to the issue involved.' " *Corrigan v. Bjork Shiley Corp.,* 182 Cal.App.3d 166, 179 (1987) (citations omitted).  Here, Plaintiff brings common law claims for defamation, negligence, and invasion of privacy for actions occurring within the state of Texas.  By bringing an action in California, Plaintiff creates unnecessary choice of law issues which would be entirely avoided by transferring this action to the Eastern District of Texas. While it is unclear which State's law would apply to these claims if this case remained in this District, it is clear that these choice of law issues issue would easily be resolved by a transfer to a Texas court.

### (c) It Would Be Unfair to Impose Jury Duty on California Citizens When this District has No Connection to this Action.

It has long been recognized that "[j]ury duty is a burden that ought not to be

IRI-15439v1

- 9 -

imposed upon the people of a community which has no relation to the litigation." *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-509 (1947) *superseded by statute on other grounds as recognized in Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F.Supp. 317 (S.D. Miss. 1989); *see also William H. McGee & Co. v. United Arab Shipping, Co.,* 6 F.Supp.2d 283, 292 (D.N.J. 1994). As set forth above, the logical nexus of all of Plaintiff's claims in this action is Texas. It would therefore be unfair to impose jury duty on California citizens involving a controversy between a Texas resident and a consumer credit reporting agency, whose consumer credit reporting operations take place primarily in Texas and not in California.

### 4. The Result of the Balance of Factors Favors Experian.

This is not a case where transfer would merely shift any inconvenience in this litigation from Experian to Plaintiff. Rather, the relevant factors regarding transfer of venue strongly favor transfer of this action. Plaintiff's counsel has vehemently indicated that it believes that the law firm of Francis & Mailman would be inconvenienced by a transfer out of the Central District of California, even though the distance to Texas from Philadelphia is considerably less than the distance to California. *See* Hardeman Decl., Ex. 1. However, convenience of a party's counsel is irrelevant in determining whether a transfer is appropriate. *See Roling v. E*Trade Securities, LLC,* --F.Supp.2d--, 2010 WL 4916401 at *4 (N.D. Cal. November 22, 2010); *Szegedy v. Keystone Food Products, Inc.,* 2009 WL 276783 at *6 n.4 (C.D. Cal. 2009).

Accordingly, because this litigation would proceed more conveniently in Texas, and because and the interests of justice would be better served by a Texas forum, Experian's motion to transfer this action the Eastern District of Texas should be granted.

### IV. CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court

IRI-15439v1

- 10 -

1 | transfer this case to the Eastern District of Texas.

2 | Dated: March 25, 2011  Respectfully submitted,

/s/ Eric J. Hardeman
Eric J. Hardeman
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:  (949) 553-7545
Facsimile:   (949) 553-7539

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

IRI-15439v1

- 11 -