1  Eric J. Hardeman (State Bar No. 253489)
   ejhardeman@jonesday.com
2  JONES DAY
   3161 Michelson Dr., Ste 800
3  Irvine, CA  92612
   Telephone:  (949) 851-3939
4  Facsimile:   (949) 553-7539

5  Attorney for Defendant
6  EXPERIAN INFORMATION SOLUTIONS,
   INC.
7

8              UNITED STATES DISTRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11 | JAMES AINSWORTH              ) | Case No.: 10-cv-1706 CJC (RNBx)
12 |         Plaintiff,           ) | **DECLARATION OF ERIC J.**
13 |                              ) | **HARDEMAN IN SUPPORT OF**
   |                              ) | **MOTION TO TRANSFER**
14 | vs.                          ) | **VENUE PURSUANT TO 28 U.S.C.**
   |                              ) | **§ 1404(a)**
15 |                              ) |
16 | EXPERIAN INFORMATION         ) |
   | SOLUTIONS, INC.              ) |
17 |                              ) |
18 |                              ) |
   |         Defendant.           ) |
19 |                              ) |
20 |                              ) |

21              **DECLARATION OF ERIC J. HARDEMAN**
22      I, Eric J. Hardeman, declare as follows:
23      I am the attorney of record for Experian Information Solutions, Inc.
24 ("Experian") in this matter, and am duly licensed to practice before all courts in the
25 State of California.  I have personal knowledge of the following facts, and if called
26 upon to testify, I would and could competently testify thereto.
27      1.     On January 6, 2011, I spoke with William Wall regarding this case.
28 Mr. Wall informed me that he was serving as local counsel for Francis & Mailman,

IRI-17562v1

1  PC in this case. I informed Mr. Wall that Experian anticipated moving to transfer
2  venue in both this case, and in other cases filed in the Central District with out-of-
3  state plaintiffs, because, *inter alia*, the witnesses with knowledge of these out-of-
4  state plaintiffs' claims and damages are not located in this district, making it
5  extremely difficult and inconvenient for Experian to defend against such actions.

6       2.    On January 18, 2011, I received a letter from Francis & Mailman, PC
7  regarding this motion, wherein Plaintiff's counsel threatened to seek sanctions
8  against Experian and my firm in connection with this motion. A true and correct
9  copy of this letter is attached hereto as Exhibit "1."

10       3.    On January 18, 2011, I spoke with Plaintiff's counsel Mark Mailman
11  regarding the issues in this motion. I informed Mr. Mailman that his letter had
12  mischaracterized the basis for Experian's motion, and provided him with a detailed
13  explanation of the specific grounds for the present motion. During our
14  conversation, Mr. Mailman informed me that one reason that Plaintiff elected to file
15  in the Central District of California is that "the Ninth Circuit is not a bad place" to
16  file cases such as the present case.

17      I declare under penalty of perjury that the forgoing is true and correct, and
18  that this declaration was executed on March 25th, 2011, at Irvine California.

21                             Eric J. Hardeman, Declarant

LAW OFFICES

# FRANCIS & MAILMAN
A PROFESSIONAL CORPORATION

LAND TITLE BUILDING, 19TH FLOOR
100 SOUTH BROAD STREET
PHILADELPHIA, PA 19110
215-735-8600
FAX: 215-940-8000
WWW.CONSUMERLAWFIRM.COM
EMAIL: INFO@CONSUMERLAWFIRM.COM

January 18, 2011

*Via Email*
Eric J. Hardeman, Esquire
Jones Day
3161 Michelson Dr., Suite 800
Irvine, CA 92614-5976

   *Re: Ainsworth v. Experian Information Solutions, Inc., No. 10-1706*

Dear Mr. Hardeman:

  This letter supplements the previous conversation between you and Plaintiff's local counsel, Bill Wall, on January 7, 2011 regarding Experian's purported threat to file a motion to transfer this matter to Plaintiff's home district in Texas.

  It is my understanding that you advised Mr. Wall that Experian's only substantive reason for filing this motion is supposed "cost containment in terms of the various plaintiffs' travel needs." I would remind you that this matter has been filed in a district where Experian's principal place of business is located not to mention the location of necessary Experian witnesses in connection with this mixed file case including Kathleen Centanni and David Brown. Moreover, I am unaware of any case that supports transfer from a Defendant's home district based on a defendant's alleged concern over the plaintiff's travel costs. I would request that you provide our office with the authority that you intend to rely upon that supports this argument. Otherwise, I can only conclude that this threatened motion lacks merit and would not comport with Rule 11.

  Additionally, and even more disturbing, it is my understanding from Mr. Wall that you advised him that "Experian had instituted a new policy of moving to transfer all cases where Francis & Mailman represented the Plaintiffs." I hardly need to point out that action such as these, to wit, filing motions to transfer venue away from the Experian's home forum solely to inconvenience our firm or exact retribution on our firm, is clearly sanctionable.

  In light of our serious concerns regarding the merits as well as the motives behind this threatened motion, it behooves me to advise you that Plaintiff will seek Rule 11 sanctions against Experian and your firm should a motion to transfer be filed in this matter absent compelling legal authority supporting Experian's reasons to seek transfer from its home district. Furthermore, Plaintiff will bring to the Court's attention the disgraceful policy that Experian has instituted punitively against our firm.

EXHIBIT 1 PAGE 3

Please be guided accordingly.

                        Very truly yours,

                        **FRANCIS & MAILMAN, P.C.**

                        */s/ Mark Mailman*

                        MARK MAILMAN

MDM/dnr