William J. Wall (State Bar No. 203970)
wwall@wall-law.com
THE WALL LAW OFFICE
9900 Research Drive
Irvine, CA  92618
Telephone:  (949) 387-4300
Facsimile:   (800) 722-8196

Gregory Gorski *(Admitted Pro Hac Vice)*
FRANCIS & MAILMAN. P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone:  (215)735-8600
Facsimile:   (215) 940-8000

Attorneys for Plaintiff
JAMES AINSWORTH

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES AINSWORTH** | Case No.: 10-CV-1706-CMC(RNBx) |
| **Plaintiff,** | |
| vs. | **PLAINTIFF JAMES AINSWORTH'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | |
| **Defendant.** | |

**TABLE OF CONTENTS**

Table of Authorities .................................................................................................. ii

I.  INTRODUCTION ........................................................................................... 1

II. BACKGROUND .............................................................................................. 3

III. ARGUMENT .................................................................................................... 6

   (1) The State That Is Most Familiar With The Governing Law ..................... 7

   (2) The Plaintiff's Choice Of Forum ................................................................ 8

   (3) The Respective Parties' Contacts With The Forum .................................. 9

   (4) The Contacts Relating To The Plaintiff's Cause Of Action In The
       Chosen Forum ............................................................................................ 9

   (5) The Differences In The Costs Of Litigation In The Two Forums ............ 10

   (6) The Availability Of Compulsory Process To Compel Attendance Of
       Unwilling Non-Party Witnesses ................................................................ 10

   (7) The Ease Of Access To Sources Of Proof ................................................ 11

       a.  Documents ........................................................................................ 11

       b.  Witnesses .......................................................................................... 12

   (8) The Relevant Public Policy Of The Forum State, If Any ......................... 12

IV. CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*Akselrod v. CheckSystems, Inc.*,
   2005 WL 1492390 (C.D. Cal. Jun. 6, 2005) ........................................................... 8

*Barela v. Experian Info. Solutions, Inc.*,
   2005 WL 770629 (N.D. Ill. Apr. 4, 2005) .............................................................. 2

*Bateman v. Amer. Multi-Cinema, Inc.*,
   623 F.3d 708 (9th Cir. 2010) ................................................................................. 7

*Bentley v. Providian Fin. Corp.*,
   2003 WL 22234700 (S.D.N.Y. Apr. 21, 2003) ...................................................... 3

*Bogollagama v. Equifax Info. Servs., LLC*,
   2009 WL 4257910 (E.D. Pa. Nov. 30, 2009) ......................................................... 2

*Carvalho v. Equifax Info. Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) ................................................................................. 7

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ................................................................................. 7

*Fed. Trade Comm'n v. TRW, Inc.*,
   784 F. Supp. 381 (N.D. Tex. 1991) ....................................................................... 3

*Fernandez v. Equifax Info. Servs., LLC*,
   2004 WL 315170 (E.D. Pa. Jan. 22, 2004) ............................................................ 2

*Florens Container v. Cho Yang Shipping*,
   245 F. Supp. 2d 1086 (N.D. Cal. 2002) ................................................................. 7

*Gorman v. Wolpoff & Abramson, LLP*,
   584 F.3d 1147 (9th Cir. 2009) ........................................................................... 7-8

*Guimond v. Trans Union*,
   45 F.3d 1329 (9th Cir. 1995) ............................................................................. 7-8

*Harms v. Experian Info. Solutions, Inc.*,
   2007 WL 1430085 (N.D. Cal. May 14, 2007) ....................................... 2, 6-7, 10

*Hurst v. Advanco Industries, Inc.*,
 1973 WL 448 (N.D. Cal. Sept. 11, 1973) ..................................................................13

*Jones v. GNC Franchising, Inc.*,
 211 F.3d 495 (9th Cir. 2000) ..................................................................................... 6

*Martin v. Experian Info. Solutions, Inc.*,
 Civ. No. 10-1705, Doc. No. 19 (C.D. Cal. Mar. 31, 2011) ..........................*passim*

*Nelson v. Chase Manhattan Mortgage Corp.*,
 282 F.3d 1057 (9th Cir. 2002) ............................................................................. 7-8

*Pintos v. Pacific Creditors Assoc.*,
 605 F.3d 665 (9th Cir. 2010) ............................................................................... 7-8

*Piper Aircraft Co. v. Reyno*,
 454 U.S. 235 (1981) ................................................................................................. 7

*Saleh v. Titan Corp.*,
 361 F. Supp. 2d 1152 (S.D. Cal. 2005) ...................................................................13

*Smith v. HireRight Solutions, Inc.*,
 2010 WL 2270541 (E.D. Pa. Jun. 7, 2010) ....................................................... 2, 8-9

*U.S. v. Syufy Enterprises*,
 1986 WL 13358 (N.D. Cal. 1986) ............................................................................ 6

*Valentine v. First Advantage Safe Rent Inc.*,
 2009 WL 4349694 (C.D. Cal. Nov. 23, 2009) ......................................................... 8

*Yourke v. Experian Info. Solutions, Inc.*,
 2007 WL 1795705 (N.D. Cal. Jun. 20, 2007) .......................................................... 8

iii

Plaintiff James Ainsworth respectfully submits this Memorandum of Law in opposition to Defendant Experian Information Solutions, Inc.'s ("Experian") motion to transfer venue away from the Central District of California -- the District in which Experian is headquartered and which houses its principals and witnesses. Experian's motion is simply an attempt at forum-shopping, for a forum that the defense perceives as more friendly to its interests. Defendant's motion should thus be denied.

## I. INTRODUCTION

This is a consumer protection action brought under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and related state laws. Defendant Experian is a consumer reporting agency under the FCRA, commonly referred to as a "credit reporting agency." Experian is headquartered in Costa Mesa, California, within a twenty minute drive from this Court. As will be discussed below, the corporate representatives and decision-makers for Experian in FCRA cases are located in Costa Mesa, California. For their convenience, these corporate representatives (*i.e.*, the party) routinely request courts in other jurisdictions to excuse them from court proceedings, or to allow their participation by telephone, precisely because they are located in Costa Mesa, California.

Similarly, Experian's regular Rule 30(b)(6) witnesses in FCRA mixed file cases, such as this one, are located in Costa Mesa and/or Irvine, California. Experian's counsel always insists that, for the convenience of these witnesses, depositions take place at Jones Day's Irvine, California offices, regardless of where in the country an FCRA action may be pending.

Plaintiff Ainsworth, a Texas resident, has chosen to bring this FCRA action in a mixed file matter in Experian's backyard. There is no doubt that this Court has both jurisdiction over this matter, pursuant to 15 U.S.C. § 1681p, and that the venue is proper under 28 U.S.C. § 1391(b). Experian, however, now moves to transfer venue, pursuant to 28 U.S.C. § 1404(a), allegedly for the "convenience of the

parties and witnesses." Experian's position, however, is insincere and notably has already been rejected in this District by Judge Tucker in relation to a virtually identical motion filed by Experian in *Martin v. Experian Information Solutions, Inc*, Civ. No. 10-1705 (C.D Cal., Mar. 31, 2011). *See* Declaration of Gregory Gorski ("Gorski Decl."), at Ex. 1, March 31, 2011, Order & Opinion.

Defendant is actually seeking to make litigation more difficult, not more convenient, in this matter. Further, Defendant seeks a perceived strategic advantage by avoiding the jurisdiction of this Court and Ninth Circuit FCRA precedent, despite the fact that it runs its business right here in the Central District of California. Not surprisingly, Experian does not cite a single decision that provides that a credit reporting agency may not be sued at the location of its national headquarters. The decisions that Plaintiff is familiar with on this subject hold the opposite.[1] Experian also does not disclose to this Court that in other FCRA litigation it has moved, allegedly for the convenience of the parties and witnesses, to have a case transferred, *not away from, but to* the Central District of California because its principal place of business and records are in Orange County, California. *Harms*, 2007 WL 1430085, at *2 (N.D. Cal. May 14, 2007) (transferring Experian FCRA case to Central District of California).

---

[1] *See Smith v. HireRight Solutions, Inc.*, 2010 WL 2270541, at *4 (E.D. Pa., June 7, 2010) ("Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business."); *see also Barela v. Experian Info. Solutions, Inc.*, 2005 WL 770629, at *4 (N.D. Ill. Apr. 4, 2005) (noting that an assessment of the relevant events and alleged harms in an FCRA case points to the defendant's place of business as the appropriate venue); *Harms v. Experian Information Solutions, Inc.*, 2007 WL 1430085, at *2 (N.D. Cal. May 14, 2007) (In granting Experian's own motion to transfer venue to the Central District of California finding that "Venue is proper in the Central District, as Experian's principal place of business is in Orange County. . . The location of many of Experian's records in Orange County also favors transfer to the Central District since it appears that access to proof will be easier in that district."); *see also Bogollagama v. Equifax Info. Servs., LLC*, 2009 WL 4257910, at *3 (E.D. Pa. Nov. 30, 2009) (finding that operative facts in FCRA case arose in Atlanta, Georgia, forum where Equifax credit reporting agency was headquartered and where the credit reports were compiled and issued); *Fernandez v. Equifax*, No. 03-4377 (E.D. Pa. Jan. 22, 2004) (Trans Union and Equifax credit reporting agencies may be sued by our-of-state plaintiff in FCRA cases in District where Trans Union's principal place of business is located).

Here, despite all of its ad hominem, alarmist and largely irrelevant arguments, Defendant has simply not met its burden of establishing that a transfer of this case from a proper venue is appropriate, as opposed to simply desired for the perceived strategic advantage of the defense. Defendant's motion should, therefore, be denied.

## II. **BACKGROUND**

Plaintiff brought suit against Experian under FCRA section 1681e(b) claiming that Experian did not follow procedures that assured the maximum possible accuracy of the credit reports that it sold about him. (Compl. ¶¶ 18-23). Experian created and sold false credit reports about Plaintiff that contained inaccurate credit and personal information, believed to relate to a totally unrelated consumer, to wit, a person named James B. Pendergraft. (*See Id.* at ¶¶ 6-7). In credit reporting terms, the improper combining of two or more consumer's credit files is known as a "mixed file," and Plaintiff alleges that the inaccurate reporting here was the result of a mixed file. (Compl. ¶¶ 8-9).

Experian is still bound by a 1990s Consent Order between its corporate predecessor, TRW, and the Federal Trade Commission which first defined "mixed files" and which requires Experian to use "full indentifying information" in preparing credit reports in order to "prevent" mixed files. *See Fed. Trade Comm'n v. TRW, Inc.*, 784 F. Supp. 381, 362 (N.D. Tex. 1991) (at ¶¶ I(3)(e), I(3)(f), and II(1)); *see also Bentley v. Providian Fin. Corp.*, Civ No. 02-5714, 2003 WL 22234700, at *5 (S.D.N.Y. Apr. 21 2003) (Consent Order binding on Experian). The Consent Order defined "mixed file" as "a Consumer Report in which some or all of the information pertains to Persons other than the Person who is the subject of that Consumer Report." *Fed. Trade Comm'n*, 784 F. Supp. at 362 (definitions).

Despite these promises to the government to prevent mixed files, Experian continues to allow mixed files at disturbingly high rates because it chooses not to use "full identifying information" in preparing credit reports. A search of PACER

1  reveals that Jones Day alone has defended hundreds of Experian mixed file FCRA
2  lawsuits in recent years. In this case too it is believed that Experian mixed the
3  credit files of Plaintiff and a complete stranger (who had terrible credit) because of
4  Defendant's failure to use full identifying information.

5       For at least the previous decade Experian has designated either David
6  Browne or Kathy Centanni exclusively to testify as its corporate representative in
7  FCRA mixed file cases. Both Mr. Browne and Ms. Centanni are FCRA compliance
8  managers for Experian, with their offices located in Experian's Costa Mesa,
9  California headquarters. To this day, Experian's representatives Browne and
10 Centanni agree that it is Experian's responsibility to "avoid" mixed files. *See*
11 Gorski Decl., at Ex. 2, September 16, 2009 Deposition of David Brown, at 135:21-
12 25; Ex. 3, August 10, 2010 Deposition of Kathleen Centanni August 10, 2010, at
13 203:9-14. Experian sometimes also identifies witnesses in Dallas, Texas for FCRA
14 cases alleging improper reinvestigations, as Defendant notes in the present motion.
15 (Def. Mem. at 2-3). Plaintiff, however, has not made any claims against Experian
16 in his Complaint alleging an improper reinvestigation pursuant to 15 U.S.C.
17 § 1681i.

18      When FCRA mixed file cases are brought against Experian in jurisdictions
19 outside of the Central District of California, Experian requests that, for the
20 convenience of its witnesses, depositions be conducted in Irvine, California.
21 Experian's counsel, Jones Day, has routinely made such requests in cases where
22 Ms. Centanni was its corporate designee:

- In a 2009 New Jersey mixed file FCRA case, Experian's counsel wrote: "regarding Ms. Centanni's deposition . . . [f]or the witness's convenience, we would like the deposition to proceed at Jones Day's office in Irvine . . . ." *Howley v. Experian*, No. 09-241 (D.N.J.). *See* Gorski Decl., Ex. 4, August 12, 2010 Letter from Michael Morgan, Esq.

- In another 2009 New Jersey FCRA mixed file case, Jones Day took the following position in the Discovery Plan submitted to the court: "Experian requests that, to the extent they are needed, depositions of corporate representatives be conducted via telephone, as those persons

4

are likely to be designated reside either in Texas or California." *Brown v. Experian*, No.09-4291 (D.N.J). *See* Gorski Decl., Ex. 5, Discovery Plan, at ¶ 10.

- In another 2010 FCRA mixed file case, where Experian's present counsel insisted that a deposition take place in Irvine, not Los Angeles, California, he noted: "Your firm hasn't been extending Experian any courtesies by having previous depositions [in FCRA cases] take place in Irvine or Dallas, because they would have had to take place there anyway with respect to the corporate designees at those locations." *Evans v. Experian*, No. 10-5422 (C.D. Cal). *See* Gorski Decl., Ex. 6, November 30, 2010 Email from Eric Hardeman, Esq.; Ex. 7, Experian's Initial Disclosures in *Evans* (Kathy Centanni identified as Experian corporate designee with Costa Mesa and Irvine addresses).

Experian also routinely requested, again for convenience purposes and because of the burden and expense presented by traveling, that its corporate representative in FCRA cases be excused from court appearances in other jurisdictions. The following are examples of such requests by Experian:

- In a 2009 New Jersey FCRA case, Experian requested that its corporate representative be excused from a settlement conference stating: "Further, Experian's client representative, Abril Turner, is located in Southern California and a trip to Newark [N.J.] would be burdensome in time and expense for her." *See* Gorski Decl., Ex. 8. January 7, 2010 Letter from Dorothy Kowal, Esq.

- In an 2010 Eastern District of Pennsylvania FCRA case, Experian requested that its corporate representative be excused from attending a scheduling conference stating: " . . . Experian's corporate representative resides in California, where Experian's headquarters are located, and personal attendance at the conference will place a considerable burden on her and considerable expense on Experian." *See* Gorski Decl., Ex. 9, February 3, 2011 Letter from Kevin Meacham, Esq.

With respect to liability, therefore, Plaintiff is the only relevant party or witness in this case with a Texas residency, and by virtue of his suit Plaintiff has clearly availed himself to this Court's jurisdiction. Experian's party representatives and witnesses are located Costa Mesa or Irvine, California.

Experian appears to make much in its present motion about the alleged convenience of unidentified and unnamed third-party damages witnesses purportedly residing in Texas who will supposedly testify about Plaintiff's emotional distress and/or damage to Plaintiff's reputation. Experian's claim is pure

conjecture. Plaintiff has no intention of identifying a third-party damages witness in this case residing in Texas, and by all accounts, Experian has no good faith basis to even speculate on the subject.

Finally, Experian's motion touches upon elements that have no place in a motion to transfer. Whether one of Plaintiff's attorneys has a website or will practice *pro hac vice* in this case is of no moment. Most lawyers these days, including Experian's counsel, have websites and sometimes file *pro hac vice* applications with the assistance of local counsel. Experian is simply taking an aggressive defense posture and seeking a tactical advantage here, but has no basis in law to transfer this case, which was properly filed on its own home turf. *See U.S. v. Syufy Enterprises,* 1986 WL 13358, at *2 (N.D. Cal. 1986) (defendant may not move venue away from its own home office).

### III. ARGUMENT

In the Ninth Circuit, a motion for transfer pursuant to 28 U.S.C. § 1404(a) lies within the discretion of the District Court. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant or deny such a motion turns on the facts of the particular case. *Id.*

The Ninth Circuit has stated that the factors to be weighed by the District Court in deciding a motion for transfer include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Id.* at 498-99; *see Harms v. Experian Info. Solutions, Inc.*, Civ. No. 07-0697JF, 2007 WL 1430085, at *1 (N.D. Cal. May 14, 2007) (listing these 10 *Jones*

factors in FCRA case).

A plaintiff's choice of forum is accorded substantial weight, absent improper forum shopping, and courts will not grant a motion under § 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002); *see generally Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

The factors to be considered in a motion for transfer weigh in favor of Plaintiff in the case at bar, and Experian surely has not shown that the factors tip *strongly* in favor of transfer.[2] Indeed, Judge Tucker in this District already reached this conclusion in relation to a virtually identical motion filed by Experian in *Martin* seeking transfer to the Northern District of Ohio:

> The Court finds that Defendant has failed to meet its burden in showing that transferring this case to the Northern District of Ohio would necessarily serve the convenience of the parties and witnesses or the interests of justice. As to the convenience of the parties, the Central District of California provides an equal, if not better, venue for the litigants. As Defendant's corporate headquarters are located in this district, it does not argue that this is an inconvenient venue, but instead points to the inconvenience that Plaintiff may suffer. Plaintiff is a resident of Ohio and litigating in California, in theory, could be inconvenient. However, Plaintiff selected this forum, and the Court gives deference to that choice.

*See* Ex. A, at 3. As discussed below, the factors here likewise support denial of Experian's Motion as it was in *Martin.*

**(1) The State That Is Most Familiar With The Governing Law.**

California federal district courts and the Ninth Circuit are very familiar with the governing law in this case, and have been the locus of some of the seminal FCRA decisions in the nation. *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876 (9th Cir. 2010); *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010); *Pintos v. Pacific Creditors Association*, 605 F.3d 665 (9th Cir.

---

[2] Factors 1 ("the location with the relevant agreements were negotiated") and 9 ("the presence of a forum selection clause") are not relevant to the instant analysis as there is no contractual agreement between Plaintiff and Experian.

7

2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009); *Dennis v. BEH-1*, 520 F.3d 1066 (9th Cir. 2008); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002); and *Guimond v. Trans Union,* 45 F.3d 1329 (9th Cir. 1995).[3]

The supplemental state law claims are largely pled in the alternative and predicated upon Defendant's non-compliance with federal FCRA standards, in any event. (*See, e.g.*, Compl. ¶ 34, Defendant's negligence predicated upon statutory violation of FCRA). Although Experian admits that at this stage of the proceedings it is "unclear" which state's law would apply to this case (Def. Mem. at 10), in the event this Court has to make any ruling about the state law claims it is equally capable of making such ruling as a court in the Eastern District of Texas. *See Martin*, Ex. 1, at 4 ("As to Defendant's choice of law concern, it is not yet clear, nor is the Court required to determine at this juncture, whether Ohio or California law applies to Plaintiff's common law claims, so Defendant's concern is presently irrelevant.")

This factor thus weighs in favor of Plaintiff's choice of forum.

**(2) The Plaintiff's Choice Of Forum.**

Plaintiff here has chosen a proper forum -- the Defendant's headquarters and the location of its corporate representatives in FCRA mixed file cases, such as the case at bar. Although Plaintiff is not a Californian, this is not a case of an out-of-state plaintiff simply choosing a forum completely unrelated to the parties or his case, or simply for the purposes of selecting what is thought of as the best jury pool for plaintiffs. Plaintiff did not, for example, bring this action in Mississippi. He brought it in Experian's backyard; close to its principals and corporate representative witnesses in FCRA cases.

Multiple federal courts have held that it is appropriate for a consumer in an

---

[3] *See also Valentine v. First Advantage Safe Rent, Inc.*, 2009 WL 4349694 (C.D. Cal. Nov. 23, 2009); *Yourke v. Experian Information Solutions, Inc.*, 2007 WL 1795705 (N.D. Cal. June 20, 2007); *Akselrod v. Check Systems, Inc.*, 2005 WL 1492390 (C.D. Cal. June 6, 2005).

8

FCRA case to pursue such litigation in the credit reporting agency's home forum. *See Smith*, 2010 WL 2270541, at *4 ("Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business."); *see generally* fn. 1, *supra*, listing cases. Since Plaintiff has chosen a proper forum here, his choice should be given weight and should not be lightly disturbed. *See Martin*, Ex. 1, at 3 ("Plaintiff selected this forum, and the Court gives deference to that choice…[and] Defendant does not deny that certain of its employees, who are also likely to testify, are based in California. . . Thus, this factor does not weigh in favor of transfer.").

This factor thus weighs in favor of Plaintiff's choice of forum.

**(3) The Respective Parties' Contacts With The Forum.**

Plaintiff is a Texas resident, but he has availed himself to this Court's jurisdiction. Making himself available for deposition and other proceedings close to Defendant Experian's corporate headquarters, close to its FCRA decision-makers, and close to its corporate representatives will not inconvenience Experian at all. Defendant Experian is headquartered within twenty minutes of this Court and its regular FCRA mixed file witnesses, also identified as witnesses in this case, are also located in the Central District of California.

This factor also weighs in favor of Plaintiff's choice of forum.

**(4) The Contacts Relating To The Plaintiff's Cause Of Action In The Chosen Forum.**

"Contacts" in FCRA cases are an elusive concept. Credit information exists in digital form and gets transmitted electronically in an instant throughout the country. As in most FCRA cases, there are contacts all over the country which caused Plaintiff credit harm, emotional distress and which damaged his credit reputation and good name or which may have led to lost credit opportunities -- all of which can constitute damages under the FCRA. Thus it is difficult to assess this

9

factor in this case.

There can be no doubt, however, that the principal location of the Defendant, its witnesses are in the Central District of California. In *Harms v. Experian Info. Solutions, Inc.*, this very Defendant argued that the Central District is the most convenient venue in an FCRA case because its witnesses and key records were in Orange County, 2007 WL 1430085, at *1. Defendant may not sincerely argue to the contrary here.

This factor also weighs in favor of Plaintiff's choice of forum.

**(5) The Differences In The Costs Of Litigation In The Two Forums.**

Experian cannot possibly argue that it is seeking to save litigation costs. In cases pending in Pennsylvania and New Jersey, Experian has consistently represented to federal judges the exact opposite -- that it would be an additional burden, expense, hardship and inconvenience for its witnesses and representatives to attend court proceedings and depositions in those other jurisdictions precisely because the relevant party representatives and witnesses are located in Orange County, California. *See* Exs. 4-9. Experian cannot now argue that its litigation expenses would be increased when an FCRA plaintiff comes to its home forum. Nor can Experian seriously argue that it is trying in the present motion to truly convenience Plaintiff or to save him an airplane ticket for which he is willing to voluntarily pay.

This factor as such weighs in favor of Plaintiff's choice of forum.

**(6) The Availability Of Compulsory Process To Compel Attendance Of Unwilling Non-Party Witnesses.**

No party, to date, has identified any specific third-party witness that it is planning to use in support of any claim or defense in this matter. Thus, this factor cannot yet be weighed. Experian's contention, that there are supposed third-party witnesses in the Eastern District of Texas who would purportedly know about the harms caused to Plaintiff, is pure speculation and should not be considered.

10

**(7) The Ease Of Access To Sources Of Proof.**

*a. Documents*

Documents in this case will be exchanged electronically, as is typical in FCRA cases that Plaintiff's counsel has previously litigated against Experian. As such, the venue of the case will neither assist nor hinder the exchange of documents.

The fact that Experian maintains a database in Texas has no relevance whatsoever to this case. Experian stores information about Plaintiff and millions of other consumers on a computer which it receives from credit grantors using a computer protocol called Metro 2. The information is never even segregated within the database specifically as to Plaintiff. Therefore, Experian cannot even honestly say it has specific file on Plaintiff at all. All that Experian can claim is that there is a computer in Texas with some credit information about Plaintiff on it. Yet even this reasoning is flawed because that information can be accessed from anywhere Experian does business. Experian employees in California as such have equal access to this data.

Plaintiff here has no intention of inspecting the computers that house Experian's database(s). Furthermore, there is absolutely no evidence to suggest that Plaintiff's problems were caused by a breakdown or malfunction of Experian's database(s). The physical location of these computers as such is meaningless to the litigation.

Plaintiff here is also not claiming that he did not receive his credit report from Experian or that a potential credit grantor did not receive Plaintiff's Experian credit report. Plaintiff likewise is not claiming that Experian performed an unreasonable reinvestigation of any disputes waged by Plaintiff. As such, the simple fact that Experian sends out credit reports or reinvestigates disputes in Texas is insignificant. Indeed, this flawed reasoning is the logical equivalent of a product

1 liability defendant claiming that a lawsuit should be moved to Texas because the printing press for the instruction manual happens to be located there.

### b. Witnesses

Experian's corporate representatives and witnesses for this mixed file case are located in Orange County, California, and can easily attend hearings or a trial in this Court. (*See supra* at pp. 5-7). Experian's claim that witnesses are located in Texas who operate the computers that house Experian's database(s) is similarly misleading. As stated above, this case is not about a computer malfunction or a botched reinvestigation. Plaintiff likewise has no intention of deposing anyone who is employed to keep Experian's database computers running.[4]

Plaintiff has obviously availed himself to this Court's jurisdiction. If he does not appear in the Central District of California (which of course he will), Experian will win the case.

This factor also weighs in favor of Plaintiff's choice of forum.

### (8) **The Relevant Public Policy Of The Forum State, If Any**.

Both California and Texas would have an interest in enforcing the consumer protection laws at issue in this case, but since the governing law (the FCRA) is a federal law it cannot be said that either state has a more compelling interest. The

---

[4] Even if testimony from an Experian representative in Texas were required, which it is not, Experian's proposed transfer of this case to the Eastern District of Texas, Lufkin Vicinage, would not result in any greater convenience to these individuals beyond what they are already afforded. Experian routinely designates two repeat witnesses based in Texas, Kimberly Hughes and Teresa Iwanski. Plaintiff's counsel in the past routinely will either travel to Texas to conduct the depositions or conduct the depositions via telephone. Accordingly, neither Ms. Hughes nor Ms. Iwanski has ever been inconvenienced by litigation conducted by Plaintiff's counsel outside of Texas.

Additionally, Allen, Texas is not even located in the Eastern District of Texas, and is nearly a four-hour drive from the courthouse in Lufkin, where Experian proposes transferring this case. Ms. Hughes and Ms. Iwanski as such could board an airplane in Dallas and fly directly to Orange County in less time than it would take for them to drive to Lufkin, Texas. *See* Gorski Decl., Ex 10, Sample Travel Time by Airplane from Dallas, TX to Orange County, CA on expedia.com.; Ex 11, Driving time from Allen, TX to Lufkin, TX on maps.google.com.

12

Central District of California arguably has a stronger interest in regulating Experian because Experian is a national credit reporting agency headquartered here. *See Martin*, Ex. 1, at 3-4 (holding " 'the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business' " and finding the Central District of California "venue proper considering the location of Defendant's headquarters.") (*quoting Smith v. HireRight Solutions, Inc.*, No. 09-6007, 2010 WL 2270541, *4 (E.D. Pa. June 7, 2010).

This factor again favors Plaintiff's choice of forum.

### IV.  CONCLUSION

In sum, the balance of the relevant factors weighs in favor of Plaintiff and against transfer. Not a single relevant factor weighs *strongly* in favor of the transfer for which Experian advocates. Indeed, Judge Tucker in this very District has already reached this same conclusion when Experian filed a virtually identical motion in *Martin*. *See* Ex. 1.

Finally, should this Court have any doubt about whether the Central District of California is an appropriate venue, it should permit discovery on the subject. *See Hurst v. Advanco Industries, Inc.*, Civ. No. 73-0862, 1973 WL 448, at *3 (N.D. Cal. Sept. 11, 1973) (deferring venue transfer motion "until pre-trial discovery is completed"). Experian inaccurately argues that in a motion to transfer venue "the non-moving party is not entitled to discovery relating to the propriety of the transfer for purposes of opposing a § 1404(a) motion. *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1169 (S.D. Cal. 2005)." *Saleh* simply holds that venue discovery is in the discretion of the District Court. After reviewing cases that both allowed and disallowed venue discovery, the *Saleh* Court concluded that venue discovery was not appropriate in that case, not in all cases. Plaintiff here is confident that discovery will show that the Central District of California will be the location most convenient for this case, and that Defendant will in fact have easy access to its representatives, witnesses, Plaintiff and any necessary third parties.

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to transfer venue.

Dated: April 4, 2011

Respectfully submitted,

*/s/ Gregory Gorski*
Gregory Gorski
FRANCIS & MAILMAN, P.C.
*Admitted Pro Hac Vice*
Land Title Building, 19th Flr
100 South Broad Street
Philadelphia, PA 19103
Telephone: (215)-735-8600
Facsimile: (215)-940-8000

William J. Wall
THE WALL LAW OFFICE
9900 Research Drive
Irvine, CA 92618
Telephone: (949) 387-4300
Facsimile: (800) 722-8196

*Attorneys for Plaintiff*
*James Ainsworth*