# EXHIBIT 1

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-1705-JST (MLGx)                    Date:  March 31, 2011
Title:  Kathryn L. Martin v. Experian Information Solutions, Inc.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING DEFENDANT'S
                            MOTION TO TRANSFER (Doc. 8)**

## I.   INTRODUCTION

Before the Court is Defendant Experian Information Solutions, Inc.'s Motion to
Transfer the case to the Northern District of Ohio.  (Doc. 8.)  The Court finds this matter
appropriate for decision without oral argument.  Accordingly, the hearing set for April 4,
2011 at 10:00 a.m. is removed from the calendar.  For the reasons stated below, the Court
DENIES Defendant's Motion to Transfer.

## II.  BACKGROUND

On November 5, 2010, Plaintiff Kathryn L. Martin, a resident of Ohio, filed suit
against Defendant alleging claims for violation of the Fair Credit Reporting Act
("FCRA"), defamation, negligence, and invasion of privacy/false light.  (*See generally*
Compl., Doc. 1.)  Plaintiff alleges *inter alia* that Defendant has been reporting derogatory
and inaccurate statements and information relating to Plaintiff and her credit history to
third parties.  (*Id.* ¶ 6.)  On February 25, 2011, Defendant filed the instant Motion to
Transfer the case to the Northern District of Ohio.

## III.   LEGAL STANDARD

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in
the interest of justice, a district court may transfer any civil action to any other district or
division where it might have been brought."  On a motion to transfer venue, "[t]he burden

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-1705-JST (MLGx)                    Date:  March 31, 2011
Title:  Kathryn L. Martin v. Experian Information Solutions, Inc.

is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007).  "A court ruling on a motion to transfer must balance the convenience of parties and witnesses, and the interests of justice." *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008).   A court may also consider "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

## IV.  DISCUSSION

Because subject matter jurisdiction in this case is not founded solely on diversity of citizenship, the applicable statute is 28 U.S.C. section 1391(b).  *See Myers v. The Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001).  Under 28 U.S.C. section 1391(b), a case may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  Under section 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. section 1391(c).  The parties do not dispute that Defendant, an Ohio corporation with its headquarters in Costa Mesa, California, is subject to personal jurisdiction in both the Central District of California and Northern District of Ohio and that the case could be heard in either venue.  Thus, the Court must determine which venue is more convenient and better serves the interests of justice.

Defendant argues that the convenience of the parties and witnesses, the interests of justice, and applicable public and private interests all warrant transferring the case to the Northern District of Ohio.  (Def.'s Mot. at 4.)  Defendant asserts that because (1) the events that led to Plaintiff's claims arose in Ohio, (2) Plaintiff has no connection with the Central District of California, and (3) third-party witnesses and evidence are located in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1705-JST (MLGx)          Date: March 31, 2011

Title: Kathryn L. Martin v. Experian Information Solutions, Inc.

Ohio, the case should be litigated in the Northern District of Ohio, not the Central District of California. (*Id.* at 4-8.) Defendant argues further that the Northern District of Ohio has a local interest in resolving this case and that Plaintiff's common law claims create an unnecessary conflict of law issue, as a California federal court would be required to apply Ohio state law. (*Id.* at 8-9.) Plaintiff counters that her choice of forum should be accorded substantial weight and because Defendant's corporate headquarters and relevant witnesses and evidence are located in the Central District of California, venue is proper.

The Court finds that Defendant has failed to meet its burden in showing that transferring this case to the Northern District of Ohio would necessarily serve the convenience of the parties and witnesses or the interests of justice. As to the convenience of the parties, the Central District of California provides an equal, if not better, venue for the litigants. As Defendant's corporate headquarters are located in this district, it does not argue that this is an inconvenient venue, but instead points to the inconvenience that Plaintiff may suffer. Plaintiff is a resident of Ohio and litigating in California, in theory, could be inconvenient. However, Plaintiff selected this forum, and the Court gives deference to that choice. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

As to the witnesses, Defendant recognizes that the "convenience of the witnesses is often the most important factor in determining whether a transfer pursuant to section 1404(a) is appropriate," and argues that third-party witnesses located in Ohio are "crucial" to Defendant's defense. (Def.'s Mot. at 7 (citing *Amini*, 497 F. Supp. 2d at 1111).) Defendant's argument is unconvincing. First, Defendant fails to identify any potential third-party witnesses other than "representatives" from "CBC Invois, Chase and Macys," who, Defendant argues, would testify as to why Plaintiff was denied credit. (Def.'s Mot. at 7.) Even assuming that such testimony would be relevant and that representatives from these companies indeed would be called to testify, Defendant fails to explain why California representatives of each of these national companies would not suffice. Second, Defendant does not deny that certain of its employees, who are also likely to testify, are based in California. (Def.'s Reply at 6.) Thus, this factor does not weigh in favor of transfer.

Finally, as to the interests of justice, "[m]ultiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business." *Smith v. HireRight Solutions, Inc.*, No. 09-6007, 2010 WL 2270541, *4 (E.D. Pa. June 7, 2010) (listing cases). The Court sees no reason to disagree

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-1705-JST (MLGx)                    Date:  March 31, 2011

Title:  Kathryn L. Martin v. Experian Information Solutions, Inc.

with this reasoning, and finds this venue proper considering the location of Defendant's headquarters.  As to Defendant's choice of law concern, it is not yet clear, nor is the Court required to determine at this juncture, whether Ohio or California law applies to Plaintiff's common law claims, so Defendant's concern is presently irrelevant. Moreover, Defendant's assertion that the Northern District of Ohio has a local interest in resolving this case, while potentially true, does not outweigh the fact that Plaintiff has chosen the Central District as the proper venue for her lawsuit.

## V. CONCLUSION

For the aforementioned reasons, the Court DENIES Defendant's Motion to Transfer.

Initials of Preparer:    enm

# EXHIBIT 2

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

FRANCIS & CANDICE            )
HOWLEY, H/W,                 )
                             )
            Plaintiffs,      ) CASE NO. 09-241
                             )
vs.                          )
                             )
EXPERIAN INFORMATION         )
SOLUTIONS, INC.,             )
                             )
            Defendant.       )
                             )

        VIDEOTAPED DEPOSITION OF DAVID BROWNE,
taken on behalf of Plaintiffs, at 3161 Michelson, Suite
800, Irvine, California, at 11:00 a.m., Wednesday,
September 16, 2009, before Shirley A. Riga, RPR, CSR
No. 13347, a Certified Shorthand Reporter within and
for the State of California, and Paula A. Rolstad,
C.S.R. No. 6909, a Certified Shorthand Reporter, within
and for the State of California, pursuant to Notice.

            SUMMIT COURT REPORTING, INC.
      Certified Court Reporters and Videographers
            1500 Walnut Street, Suite 1610
            Philadelphia, Pennsylvania 19102
      424 Fleming Pike, Hammonton, New Jersey 08037
      (215) 985-2400 * (609) 567-3315 * (800) 447-8648
            www.summitreporting.com

SUMMIT COURT REPORTING, INC.
215.985.2400 * 609.567.3315 * 800.447.8648 * www.summitreporting.com

Howley v. Experian Information Solutions, Inc.                    DAVID BROWNE, 9/16/09

Page 5

```
1              COURT REPORTER:  Yes.  Mr. Browne, if you
2      could raise your right hand, please.  Do you solemnly
3      swear the testimony you are about to give will be the
4      truth, the whole truth, and nothing but the truth, so
5      help you God?
6              THE WITNESS:  I do.
7              COURT REPORTER:  Thank you.
8              MR. SOUMILAS:  Good morning.
9              VIDEOGRAPHER:  You may proceed.
10             THE WITNESS:  Good morning.
11     BY MR. SOUMILAS:
12         Q    Good morning again, Mr. Browne.
13         A    Good morning.
14         Q    We met a moment ago off the record.  My name
15     is John Soumilas and I represent the Howley's in this
16     lawsuit against Experian.  Would you please state your
17     full name and employer for the record, please?
18         A    Yes, my name is David Browne.  I am employed
19     by Experian.
20         Q    What is your title, sir?
21         A    I am a compliance manager with Experian.
22         Q    How long have you held that position?
23         A    I don't know.  Roughly, I would say maybe
24     ten, twelve years.  It's been many years.
25         Q    What have been your basic duties and
```

Page 6

1    responsibilities in that time period?

2        A    Basically to insure that or help insure

3    because I am only one of a number of people with this

4    role, that Experian follows federal and state laws with

5    regard to credit reporting and also that we meet

6    Experian's requirements for quality and accuracy in

7    credit reports.

8        Q    You understand that today you are being

9    produced by Experian's attorney as a corporate

10   representative to speak on behalf of Experian in this

11   matter, correct?

12       A    Yes.

13       Q    So your testimony is not based solely on your

14   personal knowledge but on what you learned about this

15   case so that you could speak for the company.  Do you

16   understand that?

17       A    Yes.

18       Q    And that is a function that you have

19   performed before for Experian, correct?

20       A    Yes.

21       Q    Have you spoken with anyone other than your

22   attorneys in preparing for this case?

23       A    Not that I can remember.

24       Q    Have you reviewed any documents in preparing

25   for this case?

Howley v. Experian Information Solutions, Inc.                        DAVID BROWNE, 9/16/09

Page 67

1        Q      That's the name of the game.  If you're going

2   to sell credit data, everybody wants accurate data.

3        A      That's very important.

4        Q      Okay.  Would you also agree with me that

5   another very important compliance goal is privacy?

6        A      Yes.

7        Q      And that Experian has a responsibility to

8   safe keep the consumer information that it gathers.

9        A      Yes.

10       Q      You told me earlier, for example, that

11  Experian would not allow just anybody off the street to

12  come and access credit reports, correct?

13       A      Yes.

14       Q      And it takes measures to assure that the

15  information about a consumer is not disclosed to any

16  third party who doesn't have a legitimate business

17  reason for that information.

18       A      That's correct.

19       Q      And You also told me that another goal or

20  standard in your industry is whenever possible, there

21  should be one credit report for every one consumer,

22  correct?

23       A      Yes.

24       Q      But you told me that there are instances

25  where one or more credit reports -- that's not a good

Page 68

1    question -- two or more, two or three or more credit

2    reports merge into one, correct?

3        A    There are times when the credit information

4    for two individuals end up by being displayed on a

5    single report.

6        Q    That's the phenomenon of a mixed file,

7    correct?

8        A    Yes.

9        Q    You've known about that and testified about

10   that on numerous occasions?

11       A    I have testified previously about that.

12       Q    And Experian has known about mixed files for

13   as long as its been in business?

14            MS. BOYLAN CLARK:  Objection.

15            THE WITNESS:  I don't know about that.  I

16   wasn't working for the company when it started.

17   BY MR. SOUMILAS:

18       Q    You were not working for Experian when it

19   started?

20       A    No.  For -- are you talking about -- you said

21   the company.  Maybe I should ask you to be more

22   specific.  Which company?

23       Q    Sure.  As long as Experian has been in the

24   credit reporting business for the last twelve or

25   thirteen years, it has known about mixed files.

Howley v. Experian Information Solutions, Inc.                    DAVID BROWNE, 9/16/09

                                                                    Page 69

1        A    Yes.

2        Q    Okay.  Would you agree with me that one of

3    the measures of accuracy is to have on a credit report

4    only information that relates to that consumer about

5    whom the report is being sold?

6        A    Yes.

7        Q    So when someone is looking for your credit

8    report at a bank, it should not have my information on

9    it.  You would agree with that?

10       A    Yes.

11       Q    By definition, if it has somebody else's

12   information on your report, that information is not

13   accurate as to you?

14       A    That's correct.

15       Q    So when there are mixed files, the

16   information is by definition inaccurate?

17       A    Yes.

18       Q    As to both consumers?

19       A    Yes.

20       Q    And by both, I mean the scenario where there

21   are two consumers.

22       A    Well, it's inaccurate if the credit report

23   was pulled for each consumer and it showed the

24   information for -- on party A's credit report or the

25   credit report was pulled for them but it showed party

Howley v. Experian Information Solutions, Inc.                    DAVID BROWNE, 9/16/09

Page 135

1    the judge made that ruling.

2            MS. BOYLAN CLARK:  Okay.  John, this is going nowhere.

3    He is not an attorney.

4            If you want to know about court orders, you can

5    do a Lexis or a Westlaw search.  But he's not designated

6    on this topic.  And we are not going to let it go much

7    further.  Okay?

8            MR. SOUMILAS:  Okay.  I'm just asking.

9            THE WITNESS:  I'm unfamiliar with how a judge

10   would -- might come to make an order like that.

11   BY MR. SOUMILAS:

12     Q    Going back to the TRW days when you worked

13   for TRW -- strike that.

14            Would you agree with me that Experian knows

15   that mixed files can be harmful to a consumer who has

16   another consumer's information mixed into their file?

17            MS. BOYLAN CLARK:  Objection.

18            THE WITNESS:  Yes, there are times when it can

19   be harmful.

20   BY MR. SOUMILAS:

21     Q    Would you agree with that Experian knows that

22   it should to the extent possible avoid mixed files?

23     A    Yes.

24     Q    Should Experian try to prevent mixed files?

25     A    Yes.

# EXHIBIT 3

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY


FRANCIS & CANDICE HOWLEY, H/W,  )
                                )
              Plaintiffs,        )
                                )
       v.                        )      No. 09-241
                                )
EXPERIAN INFORMATION SOLUTIONS, )
INC.                             )
                                )
              Defendant.         )
_____ )



VOLUME I



DEPOSITION OF KATHLEEN CENTANNI,

taken on behalf of the Plaintiffs, at 555 South

Flower Street, 50th Floor, Los Angeles, California,

commencing at 11:00 a.m., Tuesday, August 10, 2010

before Salvador Gutierrez, Certified Shorthand

Reporter No. 9825.

SUMMIT COURT REPORTING, INC.
Certified Court Reporters and Videographers
1500 Walnut Street, Suite 1610
Philadelphia, Pennsylvania 19102
424 Fleming Pike, Hammonton, New Jersey 08037
(215) 985-2400 * (609) 567-3315 * (800) 447-8648
www.summitreporting.com

Page 4

```
 1          LOS ANGELES, CALIFORNIA; TUESDAY, AUGUST 10, 2010

 2                          11:00 a.m.

 3

 4

 5                     (KATHLEEN CENTANNI,

 6              deponent, was sworn and examined

 7                 and testified as follows:)

 8

 9          DEPOSITION OFFICER:  Do you solemnly state the

10  testimony you are about to give in this deposition shall

11  be the truth, the whole truth, and nothing but the

12  truth?

13          MS. CENTANNI:  I do.

14

15                     EXAMINATION

16  BY MR. SOUMILAS:

17     Q    Good morning, Ms. Centanni.

18          My name is John Soumilas.  I represent Fran

19  and Candy Howley in a lawsuit that they've brought

20  against Experian, and through the agreement of

21  Experian's counsel, I'm here today by telephone to

22  take your deposition in this matter, and that's

23  because you provided an expert report in this case.

24          Do you understand that, ma'am?

25     A    Yes, sir.
```

Page 5

1    Q    Now, Ms. Centanni, I understand that you have

2    given depositions before on behalf of Experian; is that

3    right?

4    A    Yes, sir.

5    Q    Would you say that you've given more than 50

6    depositions in your career on behalf of Experian?

7    A    I don't think that I've given 50.  I'd say less

8    than 50.

9    Q    Do you know the exact number, ma'am?

10   A    Not the exact number, no.

11   Q    All right.

12        I understand that in this case you are

13   testifying as a person that Experian has put forward as

14   an expert.

15        Have you ever given depositions in an expert

16   capacity?

17   A    Yes, sir.

18   Q    And how many of those would you say?

19   A    I don't have an exact number.  I would say ten

20   or less.

21        MR. MORGAN:  John, let me just interject here

22   that my name is Mike Morgan here representing Experian

23   Information Solutions, Inc. with the firm of Jones Day.

24        MR. SOUMILAS:  You want to say anything else,

25   Mike, or just introduce yourself?

Page 6

1          MR. MORGAN:  Well, ordinarily, we state our

2    appearances at the beginning of the deposition.  We sort

3    of skipped that step.  I thought it was appropriate to

4    make that comment on the record.

5          MR. SOUMILAS:  Okay.  Very well, thank you.

6     Q    Ms. Centanni, the other depositions that you

7    have given on behalf of Experian, were those in the

8    capacity of a corporate representative for Experian?

9          MR. MORGAN:  Objection.  Compound.

10         THE WITNESS:  Yes, sir, they were.

11    Q    BY MR. SOUMILAS:  Now, I have made available

12   for you and your attorney today, ma'am, certain

13   documents that we may refer to, and I understand you

14   have that documentation available to you?

15    A    Yes, I do.

16    Q    Do you have a document at the top of the pile

17   which is pre-marked as "Centanni 1," which reads,

18   "Expert report of Kathleen M. Centanni"?

19    A    Yes, I do.

20    Q    And that is your expert report in the Howley

21   matter, ma'am?

22    A    Give me a second, please.

23    Q    Yes.

24    A    Yes, sir, it is.

25    Q    And just so that the record is clear, since I'm

Page 31

1           MR. MORGAN:  Objection.  Calls for a legal

2     conclusion, vague.

3           THE WITNESS:  I'm not sure what -- I still

4     understand what you mean by "specialized."

5     Q     BY MR. SOUMILAS:  Let me just put it more

6     simply.

7           Do you think you have specialized knowledge in

8     the field of credit reporting?

9           MR. MORGAN:  Same objections.

10          THE WITNESS:  I guess I would have to say the

11    same thing:  I'm not sure what you mean by

12    "specialized."  I have many years of experience at

13    Experian.

14    Q     BY MR. SOUMILAS:  All right.

15          Does your experience include information about

16    procedures to avoid and correct mixed files?

17    A     Yes.

18    Q     Do you know what mixed files are at Experian?

19    A     Yes, I do.

20    Q     Does your Experian -- experience, excuse me,

21    include information about the causes of identity theft

22    or credit fraud?

23    A     Yes, sir.

24    Q     Could you distinguish, based on your

25    experience, whether we're looking simply at a mistake in

Page 96

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY


FRANCIS & CANDICE HOWLEY, H/W,      )
                                    )
          Plaintiff,                )
                                    )
vs.                                 ) Civil Action No. 09-241
                                    )
EXPERIAN INFORMATION SOLUTIONS,     )
INC.,                               )
                                    )
          Defendant.                )
_____  )


                Videotaped Deposition of

          KATHLEEN M. CENTANNI, taken on behalf

          of the Plaintiffs, at 3161 Michelson

          Drive, Irvine, California, commencing

          at 10:09 a.m., on Monday, August 16,

          2010, before Tami L. Le, CSR No. 8716,

          RPR.

              SUMMIT COURT REPORTING, INC.
         Certified Court Reporters and Videographers
               1500 Walnut Street, Suite 1610
               Philadelphia, Pennsylvania 19102
          424 Fleming Pike, Hammonton, New Jersey 08037
         (215) 985-2400 * (609) 567-3315 * (800) 447-8648
                   www.summitreporting.com

Howley v. Experian Information Solutions, Inc.                    KATHLEEN M. CENTANNI, 8/16/10

Page 203

1        Q     Do you believe that he's knowledgeable about

2    mixed file procedures at Experian?

3        A     Yes, I do.

4        Q     Do you believe that Experian should prevent the

5    mixing of the files of two different consumers?

6              MR. MORGAN:  Objection; vague, incomplete

7    hypothetical.

8              THE DEPONENT:  Yes, sir, I do.

9        Q     BY MR. SOUMILAS:  Do you believe that Experian

10   should avoid mixing the files of two different

11   consumers?

12             MR. MORGAN:  Objection; vague, incomplete

13   hypothetical.

14             THE DEPONENT:  Yes, sir.

15       Q     BY MR. SOUMILAS:  I'd like to place in front of

16   you a document that we've premarked as Centanni 2 for

17   purposes of this deposition, and I'll ask the court

18   reporter to give you that as well as a copy for your

19   attorney, please.

20             (Plaintiffs' Exhibit 2 was marked for

21         identification.)

22             (Document handed to counsel and the deponent.)

23             THE DEPONENT:  Yes, sir.

24       Q     BY MR. SOUMILAS:  Ms. Centanni, have you ever

25   seen this December 10, 1991 consent order between the

# EXHIBIT 4

# JONES DAY

222 EAST 41ST STREET · NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 · FACSIMILE: 212-755-7306

Direct Number: (213) 243-2432
mgmorgan@jonesday.com

JP010499
026123-058275

August 12, 2010

**VIA E-MAIL**

John Soumilas, Esq.
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

> Re:   *Francis Howley and Candice Howley v. Experian Information Solutions, Inc.,*
> *Case* No. 09-241

Dear John:

I am writing in response to your letter from yesterday regarding Ms. Centanni's deposition. As you have requested, we have rescheduled our other commitments and will proceed with the deposition on your requested date, Monday, August 16, 2010, starting at 10:00 a.m. PST. For the witness's convenience, we would like the deposition to proceed at Jones Day's offices in Irvine, which are located at 3161 Michelson Drive, Suite 800, Irvine, California 92612-4408. Since you are taking the deposition telephonically, we trust this will cause you no inconvenience.

Of course, we disagree with much of your letter, especially your suggestion that Ms. Centanni's deposition has been tainted and that plaintiffs have been prejudiced in some (unspecified) way by the scheduling of a further deposition session for Ms. Centanni. You will be free to ask additional questions on Monday, and I assure you that there has been — and will be — no improper communications with the witness in advance of that session.

Very truly yours,

*Michael Morgan/GS*

Michael G. Morgan

cc:   Gregory J. Gorski, Esq. (via e-mail)

NY1-4301256v1

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MENLO PARK · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK · PARIS
PITTSBURGH · SAN DIEGO · SAN FRANCISCO · SHANGHAI · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

# EXHIBIT 5

Case 8:10-cv-01706-CJC-RNB   Document 10-3   Filed 04/04/11   Page 25 of 45   Page ID
#:114
Case 2:09-cv-04291-DRD-MAS   Document 12   Filed 03/03/10   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONIQUE BROWN ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-4291 |
| vs. ) | |
| ) | Hon. Dickinson R. Debevoise, USDJ |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC. ) | DISCOVERY PLAN |
| ) | |
| Defendant. ) | |

1.    Set forth the name of each attorney appearing, the firm name, address and telephone
      number and facsimile number of each, designating the party represented.

Plaintiff:    Mark D. Mailman & Geoffrey H. Baskerville, Esqs.
              FRANCIS & MAILMAN, P.C.
              100 South Broad Street, 19th Floor
              Land Title Building
              Philadelphia, PA  19110
              (215) 735-8600 and fax (215) 940-8000

Defendant:    Dorothy A. Kowal, Esq.        and    Kevin C. Meacham, Esq. (*pro hac*)
              PRICE, MEESE, SHULMAN &              JONES DAY
              D'ARMINIO, P.C.                      500 Grant Street, Suite 4500
              50 Tice Boulevard                    Pittsburgh, PA  15219-2514
              Woodcliff Lake, NJ  07677            (412) 394-7265 and
              (201) 391-3737 and fax (201) 391-0998   fax (412) 394-7959

2.    Set forth a brief description of the case, including the causes of action and affirmative
      defenses asserted.

      Plaintiff Monique Brown has filed suit against Experian Information Solutions, Inc., a
      national consumer credit reporting agency, alleging violations of the Fair Credit
      Reporting Act ("FCRA") and various state laws for failure to properly reinvestigate
      Plaintiff's dispute and failing to follow reasonable procedures to assure maximum
      possible accuracy of Plaintiff's credit report.  Specifically, Plaintiff alleges that Experian
      mixed her credit file with that of another Monique Brown who has poor credit.

      Defendant Experian Information Solutions, Inc. ("Experian") is still investigating the
      plaintiff's allegations at this time and, as such, is not in a position to fully address the
      merits or potential defenses to plaintiff's claims.  As a general matter, Experian employs

Case 8:10-cv-01706-CJC-RNB   Document 10-3   Filed 04/04/11   Page 26 of 45   Page ID
#:115
Case 2:09-cv-04291-DRD-MAS   Document 12   Filed 03/03/10   Page 2 of 5

reasonable procedures to assure maximum possible accuracy of credit reports for the
millions of consumers for whom Experian provides credit information.

Has this action been: Settled: _____No_____ Discontinued: __No_____

    If so, has there been a Stipulation/Dismissal filed?

    Yes _____ No _____

3.    Have settlement discussions taken place? Yes _____ No __X_____

    If so, when? _____

    (a)    What was plaintiff's last demand?

        (1)    Monetary demand: $_____
        (2)    Non-monetary demand: _____

    (b)    What was defendant's last offer?

        (1)    Monetary offer: $_____
        (2)    Non-monetary offer: _____

4.    The parties [have ___X___ have not _____] exchanged the information required by
Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

_____

_____

_____

5.    Explain any problems in connection with completing the disclosures required by Fed. R.
Civ. P. 26(a)(1).

    None _____

_____

_____

Case 8:10-cv-01706-CJC-RNB   Document 10-3   Filed 04/04/11   Page 27 of 45   Page ID
Case 2:09-cv-04291-DRD-MAS   Document 12   Filed 03/03/10   Page 3 of 5
#:116

6.  The parties [have ___X___ have not _____] conducted discovery other than the above disclosures. If so, describe.

      Plaintiff has served written discovery. Defendant has not yet served written discovery, but expects to do so prior to the Rule 16 Conference on March 10, 2010.

7.  The parties [have ___X___ have not _____] met pursuant to <u>Fed. R. Civ. P.</u> 26(f):

    (a)    If not, state the reason therefor.

    (b)    If so, state the date of the meeting and the persons in attendance.

  Conference by e-mail on March 1, 2010 with Geoffrey H. Baskerville, Esq. (plaintiff) and Kevin C. Meacham, Esq. (defendant) in attendance.

8.  The following [is ___X___ is not _____] a proposed joint discovery plan.

    (a)    Discovery is needed on the following subjects:

3

Case 8:10-cv-01706-CJC-RNB   Document 10-3   Filed 04/04/11   Page 28 of 45   Page ID
Case 2:09-cv-04291-DRD-MAS   Document 12   Filed 03/03/10   Page 4 of 5
#:117

(b)    Discovery [should _____ should not _____X_____] be conducted in
phases or be limited to particular issues. Explain.

_____

_____

_____

(c)    Maximum of __25__ Interrogatories by each party to each other party.

(d)    Maximum of __10__ depositions to be taken by each party.

(e)    Plaintiff's expert report due on: At this time, Plaintiff does not know if she will be
calling any experts.

(f)    Defendant's expert report due on:  At this time, Defendant does not know if it will
be calling any experts.

(g)    Motions to amend or to add parties to be filed by April 9, 2010.

(h)    Dispositive motions to be served within _____30_____ days of completion of
discovery.

(i)    Factual discovery to be completed by July 9, 2010.

(j)    Expert discovery to be completed by September 10, 2010.

(k)    Set forth any special discovery mechanism or procedure requested, including data
preservation orders or protective orders:

(l)    Because of the private, confidential and proprietary concerns regarding certain of
Experian's business records, to the extent such business records are relevant and
requested, the parties may consent to a stipulation of protection to prevent the
improper dissemination of these confidential business records.

(m)    A pretrial conference may take place in November 2010.

(n)    Trial date: December 2010.

4

9.      Do you anticipate any discovery problem(s)? Yes _____ No ____X_____

        If so, explain.

        _____

        _____

        _____

10.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions,
        problems with out-of-state witnesses or documents, etc.)? Yes ____X____ No _____

        If so, please explain.

        _____ Yes.   Experian requests that, to the extent they are needed, depositions of corporate

        representatives be conducted via telephone, as those persons likely to be designated reside either

        in Texas or California.

11.     State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil
        Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise),
        appointment of a special master or other special procedure.  If not, explain why and state
        whether any such procedure may be appropriate at a later time (i.e., after exchange of
        pretrial disclosures, after completion of depositions, after disposition or dispositive
        motions, etc.).

        The case is appropriate for non-binding mediation pursuant to Local Rule 301.1.

12.     Is this case appropriate for bifurcation? Yes _____ No ____X_____

13.     Any interim status settlement conference (with clients in attendance), should be held in

        June 2010.

14.     We [do _____ do not ____X_____] consent to the trial being conducted by a
        Magistrate Judge.


                                        _/s/ Geoffrey H. Baskerville_____
                                        Attorney(s) for Plaintiff


                                        _/s/ Kevin C. Meacham_____
                                        Attorney(s) for Defendant


                                        5

# EXHIBIT 6

**John Soumilas**

| | |
|---|---|
| From: | Eric J Hardeman [ejhardeman@jonesday.com] |
| Sent: | Tuesday, November 30, 2010 12:51 PM |
| To: | Gregory Gorski |
| Subject: | Re: Evans v. Experian |

Greg,

Like I said, I cannot be in Los Angeles in the 13th, and I'm not going to divulge potentially client-sensitive information about the other commitments I have on the 13th that require me to be in Irvine. Furthermore, my travel to and from Los Angeles would pose an additional cost to my client that it is not willing to incur. Plaintiff filed in the Central District. He has to reasonably expect to make himself available here at a deposition site in Irvine.

A Federal Rule 30(b)(6) deposition takes place at a corporation's principal place of business or the location of the corporate designee. Your firm hasn't been extending Experian any courtesies by having previous depositions take place in Irvine or Dallas, because they would have had to take place there anyway with respect to the corporate designees at those locations. Therefore, your notice of Experian's 30(b)(6) deposition to take place at your local counsel's office is deficient. As a practical matter, your firm takes depositions telephonically, so the location is irrelevant. Our firms have further agreed to have non-PMK depositions take place at the Irvine or Dallas offices as a condition to agreeing to your firm's telephonic appearance.

Thanks.

-Eric



**Eric J. Hardeman**

3161 Michelson Drive, Suite 800 • Irvine, CA 92612

DIRECT 949.553.7545 • FAX 949.553.7539 • ejhardeman@JONESDAY.COM

| | |
|---|---|
| From: | Gregory Gorski <ggorski@consumerlawfirm.com> |
| To: | Eric J Hardeman <ejhardeman@jonesday.com> |
| Date: | 11/29/2010 05:47 PM |
| Subject: | Re: Evans v. Experian |

Eric,

I would ask that you reconsider your decision. I am struggling to understand what other commitments you would have on the day that you have scheduled two depositions that are likely going to take the better part of the day. Additionally, I have proposed JonesDay own offices in LA as the site the deposition which ought to provide you with all the facilities you need to conduct other business.

I would further point out that our office has been more than generous in granting Experian witnesses the courtesy of being deposed in JonesDay's Irvine office in the past. If Experian wishes to be given these courtesies in the future, we would minimally expect JonesDay and Experian to accommodate such a reasonable

1

# EXHIBIT 7

1   Eric J. Hardeman (SBN 253489)
    ejhardeman@jonesday.com
2   JONES DAY
    3161 Michelson Drive, Suite 800
3   Telephone:   (949) 851-3939
    Facsimile:   (949) 553-7539
4
    Attorneys for Defendant
5   Experian Information Solutions, Inc.

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  **ROBERT EVANS**                    Case No.: 10-CV-5422 JFW (MANx)

12           **Plaintiff,**             **EXPERIAN INFORMATION
                                         SOLUTIONS, INC.'S INITIAL**
13           **vs.**                     **DISCLOSURES**

14  **EXPERIAN INFORMATION
    SOLUTIONS, INC.**
15

16           **Defendant.**

17

18       **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

19       Pursuant to Fed.R.Civ. 26(a)(1), Defendant Experian Information Solutions,

20  Inc. ("Experian") makes the following disclosure of witnesses and documents based

21  on the information currently and reasonably available to Experian:

22       A.    Individuals Likely to Have Discoverable Information Supporting
               Experian's Defenses
23
               1.    Robert Evans
24
25       Plaintiff Robert Evans has knowledge of the allegations and claimed

26  damages set forth in the Complaint.

27

28

IRI-12466v1                              - 1 -

2.     Christy Evans

Plaintiff's wife Christy Evans has knowledge of the allegations and the claimed damages set forth in the Complaint

3.     Kimberly Hughes
Consumer Affairs Specialist
701 Experian Parkway
Allen, Texas 75013
c/o JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
(949) 851-3939

Ms. Hughes has knowledge of Plaintiff's contacts with Experian, Plaintiff's Experian consumer relations file and Experian's consumer assistance and reinvestigation procedures.

4.     Kathy Centanni
Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, California 92626
c/o JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
(949) 851-3939

Kathy Centanni has knowledge of Experian's credit reporting systems and procedures.

5.     Any credit grantor who Plaintiff alleges denied her credit or otherwise injured Plaintiff purportedly due to information received information as to Plaintiff's credit applications, credit history, credit reports, and the reasons for denying credit.

6.     Presently unknown individuals in at Odessa College in Odessa, TX.

B.    <u>Documents Experian May Use to Support its Defenses</u>

At present, Experian possesses the documents listed below, which relate to Plaintiff's claims and Experian's possible defenses in this matter. These documents

1    are maintained in Experian's offices in Allen, Texas, and are being produced with

2    these disclosures:

3           • Experian Consumer File Disclosures for Plaintiff

4           In addition, Experian possesses the below-listed documents, which contain

5    confidential codes and other proprietary information specific to Plaintiff and/or

6    Plaintiff's creditors and credit history.  Experian will produce these documents

7    upon the entry of an appropriate protective order:

8           • Disclosure Log(s), illustrating disclosures of credit history to Plaintiff;

9           • D/R Log Report(s), illustrating disputes related to Plaintiff's credit file

10            and Experian's responses thereto; and

11          • Administrative Report(s) of Plaintiff.

12   C.     Damages

13          Experian does not allege any damages at this time but reserves the right to do

14   so.  Further, Experian denies liability to Plaintiff for any damages.

15   D.     Insurance

16          Based on Experian's present insurance and applicable deductibles, no

17   insurance carrier would be liable to satisfy part or all of any likely judgment which

18   may be entered in this action, or to indemnify or reimburse for payments made to

19   satisfy any likely judgment.

20

21

22

23

24

25

26

27

28

IRI-12466v1                              - 3 -

**52**

1   Dated:  October 7, 2010                    Respectfully submitted,

2

3                                              /s/ Eric J. Hardeman
                                               Eric J. Hardeman
4                                              JONES DAY
                                               3161 Michelson Drive, Suite 800
5                                              Irvine, CA  92612
                                               Telephone:   (949) 553-7545
6                                              Facsimile:    (949) 553-7539

7                                              *Attorneys for Defendant*
                                               *Experian Information Solutions, Inc.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRI-12466v1                              - 4 -

## **PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Irvine, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On **October 12, 2010**, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

### **EXPERIAN INFORMATION SOLUTIONS, INC.'S INITIAL DISCLOSURES**

in a sealed envelope, postage fully paid, addressed as follows:

Stephanie R. Tatar, Esq.
stephanie@thetatarlawfirm.com
Tatar Law Firm, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
T: (323) 744-1146
F: (888) 778-5695

Gregory Gorski, Esq.
ggorski@consumerlawfirm.com
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
T: (215) 735-8600
F: (215) 940-8000

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **October 12, 2010**, at Irvine, California.

_/s/ Eric J. Hardeman_
Eric J. Hardeman

IRI-12466v1

- 5 -

# EXHIBIT 8

Case 8:10-cv-01706-CJC-RNB   Document 10-3   Filed 04/04/11   Page 39 of 45   Page ID
Case 2:09-cv-02487-DRD-MAS   Document 16   Filed 01/07/10   Page 1 of 1
#:1029

# PRICE, MEESE, SHULMAN & D'ARMINIO

A PROFESSIONAL CORPORATION

MACK-CALI CORPORATE CENTER
50 TICE BOULEVARD
WOODCLIFF LAKE
NEW JERSEY 07677

TELEPHONE (201) 391-3737
FACSIMILE (201) 391-9360

GREGORY D. MEESE
NJ, NY BARS

GAIL L. PRICE
NJ, NY, DC BARS

FREDERIC M. SHULMAN
NJ, NY, DC BARS

LOUIS L. D'ARMINIO
NJ, NY BARS

JOHN R. EDWARDS, JR.
NJ, NY BARS

MICHAEL K. BREEN
NJ, NY BARS

PAUL A. CONCIATORI*
NJ, NY BARS

OF COUNSEL

RICHARD M. FRICKE
NJ, NY, DC BARS

THERESA N. MAGUIRE
NY BAR

MARK W. GREENE
NJ, NY, DC BARS

CONSTANTINE STAMOS
NJ, NY BARS

J. PETER BAN
NJ, DC BARS

KAREN F. EDLER
NJ BAR

DOROTHY A. KOWAL
NJ BAR

REGINALD JENKINS, JR.
NJ BAR

MARY ANNE IULIANO
NJ, CA BARS

JENNIFER M. KNARICH
NJ, NY, CT BARS

MARLENE EICKMEYER
NJ, NY BARS

KATHRYN J. RAZIN
NJ, NY, DC BARS

SIMONE D. SINISI
NJ BAR

ADRIENNE M. ZITKA*
NJ BAR
*LEED AP

Additional Offices:
89 HEADQUARTERS PLAZA NORTH
4 SPEEDWELL AVENUE - #1455
MORRISTOWN, NEW JERSEY 07960

TELEPHONE (973) 292-6757
FACSIMILE (973) 993-1757

106 CORPORATE PARK DRIVE
SUITE 401
WHITE PLAINS
NEW YORK 10604

TELEPHONE (914) 251-1618
FACSIMILE (914) 251-1230

www.pricemeese.com

January 7, 2010

Via ECF
The Honorable Michael A. Shipp, USMJ
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

> Re:   *Cates v. Experian Information Solutions, Inc.*;
>         Civil Action No. 09-2487

Dear Judge Shipp:

This firm, along with Jennifer G. Betts of Jones Day, represents defendant Experian Information Solutions in the above-referenced case. An in-person status conference is scheduled for January 27, 2010 at 3:00 p.m. In Your Honor's Scheduling Order, it states that "client[s] with full settlement authority must attend in person."

Geoffrey Baskerville, counsel for Plaintiff, and Ms. Betts will be attending the conference in person; however, we respectfully submit this joint request for permission for both of our clients to attend the conference via telephone. Mr. Baskerville will have full authority from Mr. Cates and will be prepared to discuss settlement in detail. Further, Experian's client representative, Abril Turner, is located in Southern California and a trip to Newark would be burdensome in time and expense for her. Attendance of Ms. Turner by phone will not hinder the conference or settlement discussions as Ms. Betts will be fully apprised of all aspects of the case and will have settlement authority.

Should Your Honor have any questions or concerns regarding client attendance via phone, I can be reached by telephone at (201)391-3737 or by fax at (201)391-0998 and Ms. Betts may be reached by telephone at (412) 394-7937 or by fax at (412) 394-7959. Thank you for considering our request.

Respectfully submitted,

Dorothy A. Kowal

cc:   Geoffrey H. Baskerville, Esq. (via ECF)
      Jennifer G. Betts, Esq. (via e-mail)

# EXHIBIT 9

Case 8:10-cv-01706-CJC-RNB   Document 10-3   Filed 04/04/11   Page 41 of 45   Page ID
#:130
4123949525          R-OSCI 8.5an   Case 2:10-cv-06769-PD   Document 43   Filed 02/10/11   Page 1 of 1   06:08:23 p.m.   02-03-2011        2/2

# JONES DAY

500 GRANT STREET · SUITE 4500 · PITTSBURGH, PENNSYLVANIA 15219.2514
TELEPHONE: 412.391.3939 · FACSIMILE: 412.394.7959

Direct Number:  (412) 394-7265
kcmeacham@jonesday.com

JP011584:jlr/1227722                    February 3, 2011
026123-051956

*Please docket*

The Honorable Paul S. Diamond
U.S.D.C., Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 6613
Philadelphia, PA  19106-1712

        Re:     *Suzanne Blenda v. Experian Information Solutions, Inc., et al.*
                Civil Action No. 10-6769, U.S.D.C., Eastern Dist. of Pennsylvania

Dear Judge Diamond:

        In preparation for the upcoming scheduling conference, Experian requests that its corporate representative be permitted to attend the conference scheduled for February 16, 2010 by telephone.  To be sure, as Experian's trial counsel, I will be traveling from Pittsburgh, Pennsylvania to attend the conference in person.

        As you may be aware, Experian's corporate representative resides in California, where Experian's headquarters are located, and personal attendance at the conference will place a considerable burden on her and considerable expense on Experian. Counsel for all parties have consented to Experian's representative appearing by phone.

        Experian's corporate representative will be available to conduct settlement or any other discussions by phone at all times during the conference. Thus, Experian respectfully requests that its corporate representative be permitted to appear by telephone.

                                Very truly yours,

                                Kevin C. Meacham

cc:     John Soumilas, Esq.
        Erin A. Novak, Esq.
        Timothy P. Creech, Esq.
        William R. Brown, Esq.
        William J. Simmons, Esq.
        Mark A. Aronchick, Esq.
        Sharon F. Mc Kee, Esq.
        Mohammad A. Ghiasuddin, Esq.

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · DUBAI · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MEXICO CITY · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK · PARIS
PITTSBURGH · SAN DIEGO · SAN FRANCISCO · SHANGHAI · SILICON VALLEY · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

# EXHIBIT 10

**Expedia**

Welcome - Already a member? [ Sign In ]  My Itineraries | My Account | Customer Support | Feedback

Home | Vacation Packages | Hotels | Cars | Flights | Cruises | Activities | DEALS & OFFERS | Rewards      Like us on Facebook   Like | 154K

| Summary |
|---|
| 1 Ticket / One way |
| DFW Dallas to |
| SNA Orange County |
| Leave:    Mon 2-May |
| 1 adult         $239.00 |
| Taxes & Fees    $10.70 |
| Total           $249.70 |

### Total price for this trip: $249.70

I have a coupon.

Your flight could cost $150 instead of $250! Get up to $100 off when you're approved.
See details >

### 1  Review the flight details
**Traveling to Orange County**
Mon 2-May-11

Dallas (DFW)      to   Orange County      1,202 mi        Alaska Airlines
Depart 7:30 pm           (SNA)            (1,934 km)       Flight 1255
                         Arrive 8:35 pm   Duration: 3hr 5mn   Operated by: AMERICAN AIRLINES

Economy/Coach Class , Food For Purchase, Boeing 737-800

Total distance: 1,202 mi (1,934 km)                          Total duration: 3hr 5mn

**Customer Support**

Frequently Asked
Questions (FAQs)

**Additional airline fees may apply at check-in**

Fees may be charged by airlines for services such as preferred seat selection and baggage handling. Please
note that fees are determined by the airline you check in with and may change at anytime.
See fees.

### 2  Review the rules and restrictions

- Tickets are nonrefundable. A fee of $75.00 per ticket will be charged for itinerary changes after the
  tickets are issued, provided that the booking rules were followed.
- Tickets are nontransferable and name changes are not allowed.
- Please read important information regarding airline liability limitations.
- Prices do not include baggage fees or other fees charged directly by the airline.
- Read an overview of all the rules and restrictions applicable to this fare.
- Read the complete penalty rules for changes and cancellations applicable to this fare.

### 3  Continue to checkout

Fares are not guaranteed until purchased.

| Expedia Member Sign-in | | Not a member? |
|---|---|---|
| Email or username: | OR | Don't want to sign in? |
| | | You'll have an opportunity to sign up for an |
| Password: | | Expedia account later. |
| Forgot username or password? | | |
| ☐ Remember my password and sign me in automatically | | |
| Sign in & Continue | | Continue |

Save this itinerary

Expedia Links:
Low Cost Flights | Hotels | Rental Cars | US Hotels | US Flights | US Vacations | US Car Rental

Partner Services:
Add a Hotel | Become an Affiliate | Travel Agents Affiliate Program | Expedia Private Label | Expedia MasterCard

Expedia Partners:
Hotels.com | TripAdvisor | Venere | Hotwire | ClassicVacations.com | Bloglines | CarRentals.com | CitySearch | Evite | Gifts | Lending Tree | Match | Online
Shopping | Pronto | ServiceMagic | Shoes | The Daily Beast | TicketWeb | Travel Ticker

**Expedia**  About Expedia | Advertising | Press Room | Jobs | Privacy Policy | Terms of Use | Site Map | Investor Relations | About Our Ads

Global Sites:

Plus sign (+) means taxes and fees are additional. Expedia, Inc. is not responsible for content on external Web sites.

©2011 Expedia, Inc. All rights reserved.

# EXHIBIT 11

**Google** maps

Directions to Lufkin, TX
196 mi – about 3 hours 47 mins


Save trees. Go green!
Download Google Maps on your
phone at google.com/gmm

 **Allen, TX**

| | | |
|---|---|---|
| 1. | Head **west** on **W Main St** toward **N Butler Dr** | go 108 ft<br>total 108 ft |
| 2. | Take the 1st left onto **Butler Dr** | go 0.1 mi<br>total 0.1 mi |
| 3. | Take the 2nd right onto **Farm to Market Rd 2170/W McDermott Dr**<br>About 2 mins | go 0.4 mi<br>total 0.6 mi |
| 4. | Turn left at **Central Expy S/US-75 Frontage S** | go 0.2 mi<br>total 0.8 mi |
| 5. | Take the ramp on the left onto **US-75 S**<br>About 14 mins | go 13.0 mi<br>total 13.8 mi |
| 6. | Take exit **21** to merge onto **I-635 E**<br>About 22 mins | go 20.5 mi<br>total 34.2 mi |
| 7. | Take exit **479B** to merge onto **US-175 E** toward **Kaufman**<br>About 1 hour 1 min | go 58.1 mi<br>total 92.3 mi |
| 8. | Turn right to merge onto **TX-31 W/TX-7 Loop W**<br>Continue to follow TX-7 Loop W<br>About 12 mins | go 9.9 mi<br>total 102 mi |
| 9. | Slight right onto the ramp to **Jacksonville** | go 0.2 mi<br>total 102 mi |
| 10. | Merge onto **US-175 E**<br>About 42 mins | go 35.5 mi<br>total 138 mi |
| 11. | Turn right at **N Bolton St/Farm to Market Rd 347**<br>About 2 mins | go 0.8 mi<br>total 139 mi |
| 12. | Turn left at **E Rusk St**<br>About 1 min | go 0.2 mi<br>total 139 mi |
| 13. | Take the 3rd right onto **US-69 S/S Jackson St S**<br>Continue to follow US-69 S<br>About 1 hour 0 mins | go 53.0 mi<br>total 192 mi |
| 14. | Slight right toward **N John Redditt Dr** | go 0.1 mi<br>total 192 mi |
| 15. | Take the 1st right onto **N John Redditt Dr**<br>About 2 mins | go 0.7 mi<br>total 193 mi |
| 16. | Turn left at **N Raguet St**<br>About 5 mins | go 2.3 mi<br>total 195 mi |
| 17. | Turn left at **W Frank Ave**<br>About 2 mins | go 0.4 mi<br>total 196 mi |
| 18. | Turn right at the 1st cross street onto **N 1st St** | go 0.1 mi<br>total 196 mi |

Lufkin, TX