UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01706-CJC(RNBx)            Date: May 12, 2011

Title: <u>JAMES AINSWORTH V. EXPERIAN INFORMATION SOLUTIONS, INC.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                  None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO TRANSFER** [filed 03/25/11]

     Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for May 16, 2011 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction and Background**

     Plaintiff James Ainsworth brought this action against Defendant Experian Information Solutions, Inc. ("Experian"), alleging violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a,1681e, as well as California state-law claims for defamation, negligence, and invasion of privacy/false light. Mr. Ainsworth is a resident of Milam, Texas. (Compl. ¶ 4.) Experian is a credit reporting agency with corporate headquarters in Costa Mesa, California. (*Id.* ¶ 5.) Mr. Ainsworth alleges that Experian has been reporting inaccurate credit information for him to third parties, creditors and potential creditors because Experian mixed Mr. Ainsworth's credit history with another individual's credit history. (*Id.* ¶¶ 6–9.) Mr. Ainsworth alleges that this "mixed file" occurred because Experian failed to use reasonable procedures to assure the maximum possible accuracy of Mr. Ainsworth's credit report and information. (*Id.* ¶¶ 8, 22.) As a result, Mr. Ainsworth alleges that he has suffered damage to his credit rating and reputation, lost credit opportunities, and suffered humiliation, stress and anxiety. (*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01706-CJC(RNBx)            Date: May 12, 2011
                                                                                    Page 2

¶¶ 13–15.) Although the parties do not dispute that venue is proper in this Court because Experian's corporate headquarters are located in the Central District of California, Experian moves to transfer the case for the convenience of the parties and witnesses to the United States District Court for the Eastern District of Texas in Lufkin, Texas pursuant to 28 U.S.C. § 1404(a). Because Experian has not met its burden to show that convenience and the interests of justice clearly favor transferring case to the Eastern District of Texas, Experian's motion to transfer is DENIED.

**Analysis**

A district court has discretion to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether a transfer is appropriate requires an individualized consideration of the parties' and witnesses' private interests as well as the public interests in litigating the case in a particular forum. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). To guide its determination, the district court may consider several factors, including: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Id.* The moving party bears the burden of demonstrating that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (1979). Because the plaintiff's choice of forum is entitled to deference, a defendant seeking to transfer a case must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Here, it is undisputed that this action could have been filed in the Eastern District of Texas. The district court has personal jurisdiction over Experian because Experian is a national credit information and reporting company that does business in Texas and maintains a facility with its credit reporting databases and a National Consumer Assistance Center in Allen, Texas. (Iwanski Decl. ¶ 5.) Venue is also proper because Experian generates credit reports to be issued to third parties from the facilities in Texas,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01706-CJC(RNBx)            Date: May 12, 2011
                                                                                                  Page 3

---

(*id.*), and Mr. Ainsworth resides in Texas, (Compl. ¶ 4), so many of the events giving rise to Mr. Ainsworth's causes of action occurred in Texas.

       However, Experian has failed to meet its burden to show that convenience of the parties and witnesses and the interests of justice require transferring this case to the Eastern District of Texas. First, Mr. Ainsworth chose to file this action in the Central District of California.[1] Although Mr. Ainsworth's decision is entitled to less deference because he is a resident of Texas, rather than a resident of California, *see Williams v. Bowman*, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001), this factor still carries at least some weight against transferring the case to the Eastern District of Texas. A single statement by Mr. Ainsworth's counsel that the Ninth Circuit is "not a bad place" to file FCRA cases, (Hardeman Decl. ¶ 3), is insufficient evidence that Mr. Ainsworth has engaged in forum-shopping, especially where, as here, Mr. Ainsworth elected to bring this action in the district in which Experian's corporate headquarters is located.

       Second, Experian has significant contacts with the Central District of California, since its corporate headquarters are located in Costa Mesa, California, (Iwanski Decl. ¶ 5), and several of Mr. Ainsworth's core allegations are directly related to corporate decision-making that presumably occurred in California. For example, Mr. Ainsworth alleges that Experian failed to establish adequate procedures to ensure the accuracy of his credit information, which resulted in damage to his credit rating and his ability to obtain loans. (Compl. ¶¶ 8, 22.) Although Experian has also presented evidence that some of Mr. Ainsworth's allegations involve actions by employees at Experian's Allen, Texas facility, (Iwanski Decl. ¶ 5), such as that Experian issued inaccurate credit reports for him, (Compl. ¶ 9), and that he disputed the inaccurate information, (*id.* ¶ 10), the Court cannot conclude that this factor clearly weighs in favor of Texas.

       Third, neither party has presented any evidence regarding the location of non-party witnesses. Mr. Ainsworth alleges that he lost credit opportunities and suffered damage to his credit rating and reputation among creditors and credit grantors, and also that he suffered humiliation among his family, friends and neighbors. (Compl. ¶¶ 26, 38–39.) Although Experian correctly notes that many of Mr. Ainsworth's friends and neighbors

---

[1] The first two factors articulated by the Ninth Circuit, the location were any relevant agreements were negotiated and familiarity with the law governing the dispute, do not apply in this case because there are no existing agreements between the parties and Mr. Ainsworth's primary claim arises under federal law. Neither party has presented any evidence regarding the choice of law issue with respect to Mr. Ainsworth's state-law tort claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01706-CJC(RNBx)            Date: May 12, 2011
                                                              Page 4

---

are likely to be in Texas, those witnesses are only relevant to Mr. Ainsworth's allegations of invasion of privacy. Experian has not presented any evidence regarding the location of the creditors or credit grantors that received Mr. Ainsworth's credit reports or refused to extend credit to Mr. Ainsworth based on his credit rating.

      Finally, the relative ease of access to proof also does not clearly favor Texas. Although Experian's databases and customer service personnel, including the National Consumer Assistance Center, are located in Texas, (*see* Iwanski Decl. ¶¶ 5, 7; Hughes Decl. ¶ 3), the information stored in the databases is likely available electronically and therefore can be easily accessed from either location. In addition, documents related to Mr. Ainsworth's complaints about inaccurate information at the National Consumer Assistance Center are not necessarily responsive or even relevant to Mr. Ainsworth's core allegation that Experian negligently failed to adopt adequate procedures to ensure the accuracy of his credit information. Because Experian's corporate headquarters are located in California it is likely that are also documents and employee witnesses in California that are relevant to Mr. Ainsworth's claims as well.

      In sum, Experian has not shown that any of these factors strongly favors transferring this action to the Eastern District of Texas. Indeed, there is some evidence that certain factors support either California or Texas. In light of the conflicting weight of these factors and Mr. Ainsworth's reasonable decision to file his action in the Central District of California, the Court is not persuaded that the convenience of the parties or the interests of justice require transferring the case to the Eastern District of Texas.

**Conclusion**

      For the foregoing reasons, Defendants' motion to transfer is DENIED.

mkyc

MINUTES FORM 11
CIVIL-GEN                                                                                  Initials of Deputy Clerk MU