Eric J. Hardeman (SBN 253489)
ejhardeman@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AINSWORTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　Defendant. | Case No. 10-cv-1706-CJC (RNBx)<br><br>~~(PROPOSED)~~ **ORDER GRANTING SECOND AMENDED STIPULATED PROTECTIVE ORDER** |

　　　The Court, after considering the parties Second Amended Stipulated Protective Order, and good cause appearing, hereby orders as follows:

　　　1.　　This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in discovery in this action. This Order does not govern the presentation of evidence at court hearings or proceedings. With respect to any such hearing, the parties shall raise with the judicial officer conducting the hearing the issue of how to handle materials that have been designated "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to this Order.

　　　2.　　All parties to this case shall treat as confidential, any information designated by a party as "Confidential" or "Confidential—Attorneys Eyes Only" pursuant to this order, and all transcripts and other materials that reflect or

incorporate the confidential information therein. Specifically, the parties shall proceed as follows:

    a) Any party or non-party producing the confidential documents in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" or "Confidential—Attorneys' Eyes Only." If documents were produced before the entry of this Order, which documents the producing party believes should be treated as "Confidential," or "Confidential Attorneys' Eyes Only," then the producing party may so designate the documents, and all receiving parties will immediately thereupon make said documents as "Confidential" or "Confidential—Attorneys' Eyes Only" and treat them as such. The categories of documents that may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" under this Order are those that contain unique, confidential codes which represent "trade secret" information as that term is defined by California Civil Code § 3426.1, as well as other proprietary information, including Experian's Administrative Reports, Dispute/Response Logs, Disclosure Logs, and manuals for reading and interpreting this information, which Experian has created after considerable investment in research and development, and which could be used not only to thwart the measures Experian's system has in place to detect identity theft, but also to "reverse-engineer" Experian's computerized credit-reporting system. Other additional categories of documents that may be designated as "Confidential" pursuant to this Order are documents contain Plaintiff's social security number, address, telephone number, credit history, and other identifying information, which likewise could be used to commit identity theft.

    b) In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," Or "Confidential—Attorneys' Eyes Only" the proposed filing shall

be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

   c) All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or other materials, that refers reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order. With respect to any court hearing or proceeding, the parties shall raise with the judicial officer conducting the hearing the issue of how to handle materials that have been designated "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to this Order.

   d) Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading marked as "Confidential" under this Order, and any information contained in, or derived from any such materials (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated confidential hereunder), may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (i) the Court and its officers; (ii) parties to this litigation; (iii) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (iv) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (v) present or former employees of

the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (vi) experts and trial consultants, and any employees assigned to assist any such experts. With respect to any court hearing or proceeding, the parties shall raise with the judicial officer conducting the hearing the issue of how to handle materials that have been designated "Confidential" pursuant to this Order.

e) Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading marked as "Confidential - Attorney's Eyes Only" under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder), may not be disclosed other than in accordance with this Order. The information contained in these materials include highly secretive trade information that may not bedisclosed other than in accordance with this Order, and may not be disclosed to any person other than: (i) the receiving party's counsel of record in this action, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (ii) Experts specifically retained as experts and/or trial consultants of the receiving party, and any employees assigned to assist any such experts; (iii) the Court and its officers; (iv) court reporters and their staffs, to whom disclosure is reasonably necessary for this litigation, (v) the author of the document or original source of the information. With respect to any court hearing or proceeding, the parties shall raise with the judicial officer conducting the hearing the issue of how to handle materials that have been designated "Confidential" pursuant to this Order.

f) Disclosure of documents designated as "Confidential" or "Confidential—Attorneys' Eyes Only" may not be made available to any person described under paragraph 2(d)(iv), 2(d)(vi), or 2(e)(ii) of this Order unless, prior to

disclosure, the intended recipient (a) is advised of the confidential nature of such documents; (b) reads the Stipulation for Protective Order and the Order Modifying and Granting Modified Stipulation for Protective Order; (c) agrees in writing (i) not to disseminate or disclose such documents to any person other than those described above in Paragraphs 2(d), and for the purposes specified; (ii) not to make any other use of such documents; (iii) to be bound by the terms of the Stipulated Protective Order and the Order Modifying and Granting Modified Stipulation for Protective Order; and (d) signs the attached Declaration of Compliance.  To the extent it is reasonably necessary for such intended recipient to review documents subject to this order for any party to pursue discovery in this case, and such intended recipient refuses to sign the declaration of compliance, the parties shall first meet and confer pursuant to the provisions of paragraph 6 of this order before disclosing the documents subject to this order to any such intended recipient.  If the parties cannot reach an agreement, the party seeking to disclose the documents may then file a motion with the Court to resolve such dispute, subject to the provisions of Local Rule 37.  Insofar as Experian's Administrative Handbook is designated pursuant to this provision, this paragraph does not prevent Plaintiff's counsel from discussing with Plaintiff: 1) the existence of Experian's Administrative Handbook, or 2) Plaintiff's counsel's interpretation of Experian's Administrative Report for Plaintiff produced in this case based on Plaintiff counsel's review of the Administrative Handbook.  However, Plaintiff shall not be provided with copies of Experian's Administrative Handbook, or otherwise provided with its written text or specific descriptions of its contents without the prior written consent of Experian or court order.

3.     Nothing in this Order shall prevent a party from using at trial, or during depositions, any Documents, information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."  In deposition, all documents or materials designated "Confidential" or "Confidential—Attorneys'

Eyes Only" may only be shown to persons governed by this Order. To the extent any party demonstrates an appropriate basis to protect the confidentiality of documents designated pursuant to this Order at trial, that party may take appropriate means to protect the confidentiality of such document. With respect to any court hearing or proceeding, the parties shall raise with the judicial officer conducting the hearing the issue of how to handle materials that have been designated "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to this Order.

4. This Order has been entered to facilitate discovery and the production of relevant evidence in this action. The parties agree not to offer as evidence with respect to any issue in this action: (a) the entry of the Stipulation for Protective Order; or (b) the designation of, or the failure to designate any information, document, or the like as "Confidential" or "Confidential—Attorneys' Eyes Only."

5. Within sixty (60) days after the final termination of this litigation, all documents, transcripts and other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same or destroyed. A party electing to destroy such documents shall submit to the designating party's counsel of record within 60 days, a certification under penalty of perjury that all such designated documents have been destroyed and permanently deleted from any computer system. This paragraph does not apply to documents filed or otherwise submitted to the Court or its officers/representatives.

6. In the event any party believes that any specific material designated as "Confidential" or "Confidential—Attorneys' Eyes Only" should not be so designated, it shall give notice to the disclosing party in writing of its intent to challenge the designation of such material. Such notice shall be served on counsel for the disclosing party, and shall particularly identify the material that the party

challenging the designation is not "Confidential" or "Confidential—Attorneys' Eyes Only." The parties shall have fourteen (14) calendar days from receipt of the written notice to meet and confer in an attempt to resolve any dispute over the proper designation of such material, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the parties cannot reach agreement with fourteen (14) calendar days after receipt of the written notice of intent to challenge the designation, the party challenging the designation may then file a motion with the Court to resolve such dispute, subject to the provisions of Local Rule 37. In the event that the party challenging the designation files such a motion, the material in issue shall continue to be treated as Confidential until the Court orders otherwise.

    7. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

    8. The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO ORDERED

Dated:   September 23, 2011

                                        Hon. Robert N. Block,
                                        United States Magistrate Judge

**EXHIBIT A**

DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective order entered in this action on _____, 20__.

5. I have carefully read and understand the provisions of this Stipulated Protective order.

6. I will comply with all provisions of this Stipulated Protective order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective order in this Action.

I declare under penalty of perjury under the laws of the United States that the

IRI-26413v1

| | |
|---|---|
| 1 | following is true and correct. |
| 2 |   Executed this ____ day of _____, 20__ at _____. |
| 3 | |
| 4 |                    _____ |
| 5 |                    QUALIFIED PERSON |

IRI-26413v1